EDWARD C. INDERLIED, Respondent, *v.* JAMES R. HONEYWELL, as
Receiver of the DELAWARE LOAN AND TRUST COMPANY, Appellant.

*Action for fraud — knowledge of falsity or intent to deceive must be alleged — posses-*
*sion must be disturbed to authorize recovery for breach of covenant of warranty.*

The complaint, in an action brought against the receiver of a trust company,
  alleged that the trust company was the owner of two mortgages covering cer-
  tain real estate; that upon a foreclosure of the second mortgage the plaintiff
  purchased the premises, subject to the first mortgage; that prior to his pur-
  chase he was informed, on making inquiry of the attorney for the trust company,
  that the amount due upon the first mortgage was $1,800, and that after the sale
  he discovered that there was then due upon the first mortgage $1,937; that
  thereafter he exchanged the property for other property.

It further alleged that the representation made by the attorney of the trust com-
  pany as to the amount due upon the first mortgage was false and untrue, and
  demanded judgment for $137 damages.

Upon an appeal from a judgment rendered in favor of the plaintiff it was

*Held*, that as the complaint did not allege that the representation in question was
  made with knowledge of its falsity or with intent to deceive, the complaint did
  not state a cause of action for fraud;

That consequently the recovery could not be sustained on the theory of an action
  for fraud, even though the proof was sufficient to establish such a cause of
  action;

That the judgment could not be sustained as a recovery upon a covenant of war-
  ranty as to the amount due upon the first mortgage, it not appearing that the
  plaintiff had been disturbed in his possession of the premises in consequence of
  a claim that a greater amount than that represented was due upon the first
  mortgage.

APPEAL by the defendant, James R. Honeywell, as receiver of
the Delaware Loan and Trust Company, from a judgment of the
Supreme Court in favor of the plaintiff, entered in the office of the
clerk of the county of Delaware on the 13th day of December,
1902, upon the verdict of a jury rendered by direction of the court.

In the complaint in the action it is alleged that the defendant is
the receiver of the Delaware Loan and Trust Company, a domestic
corporation which was formerly doing business in the village of
Walton, N. Y.; that the said trust company was the owner of
two mortgages upon the property of one Grant, situate at Rock
Rift, Delaware county. The first mortgage was for $1,775, as the
principal sum, and the second mortgage was for about the sum

of $600. This second mortgage was foreclosed, and upon the foreclosure sale this plaintiff purchased the property, having paid the amount of the second mortgage, together with the costs of the action. Prior to the purchase upon that sale he inquired of one George T. Warner, to whom he was referred by the attorney for the trust company, as to the amount due upon the first mortgage, and was told that $1,800 was due thereupon. After the sale he discovered that at that time there was $1,937 due upon that first mortgage instead of $1,800, as was represented to him by the said Warner. He thereafter made an exchange of the property for some other property. He alleges that this representation by Warner was false and untrue, and the prayer of the complaint is for damages to the amount of $137, the difference between the amount represented to be due and which was actually due upon the first mortgage at the time of the foreclosure. At the time of the trial evidence was offered as to such representation, as to the purchase, and some evidence as to the authority of Warner to act for the trust company. At the close of the trial both parties stated that there was no question of fact for the jury, and the trial court directed a verdict for the plaintiff for the full amount claimed. From the judgment entered upon this verdict this appeal has been taken.

*T. Sanderson* and *A. G. Patterson*, for the appellant.

*C. L. Andrus*, for the respondent.

SMITH, J.:

I am unable to discover any principle of law upon which this judgment can be supported. It is nowhere alleged in the complaint that these representations were made by Warner with knowledge of their falsity or with intent to deceive. Without such allegations no cause of action for fraud is alleged. The allegation of a false representation is no more than an allegation that the representation was untrue. A false representation may be innocently made. It is unnecessary to discuss, therefore, whether if a cause of action for fraud were alleged, the proof adduced is sufficient to sustain the same. The judgment must accord not only with the proof, but with the pleadings.

Nor can this judgment be sustained as a recovery upon contract. The complaint alleges that the trust company, through its agent, publicly stated, represented and warranted that the sum of $1,800 only was due upon the first mortgage. If this were true it is difficult to see how recovery could be had until the purchaser has been disturbed in his possession through a claim of a greater amount as due upon the first mortgage. Without ever having been disturbed in his possession, the foreclosure of the first mortgage not having been attempted in any way, no recovery can be sustained as based upon any covenant of warranty as to the amount due upon the first mortgage.

I have assumed, without holding, that Warner was authorized to make a representation as to the amount due upon the first mortgage. If Warner had authority to speak for the trust company and the plaintiff was induced to act upon the sale by false representations made by him, the trust company might well, in some cases, be held estopped upon the foreclosure of the mortgage to claim more than was represented to be due thereupon. If the representations are not sufficient to create an estoppel, they are certainly insufficient to create a cause of action. If the purchaser have a defense to the mortgage beyond the amount claimed to be due, a serious question is presented whether this plaintiff has been in any way harmed even if the representations had been fraudulently made. I know of no principle of law under which the defendant can be compelled to pay over to the plaintiff the difference in the amount which was then due upon the mortgage and the amount represented to be due, at least in the absence of allegation and proof of actual fraud on the part of the trust company.

The judgment should, therefore, be reversed and the complaint dismissed, with costs.

All concurred; HOUGHTON, J., not sitting.

Judgment reversed on law and facts, with costs, and complaint dismissed, with costs.