## STOLITZKY v. LINSCHEID et al.

(Supreme Court, Appellate Division, Second Department. April 4, 1912.)

1. SET-OFF AND COUNTERCLAIM (§ 23*)—PROPRIETY OF COUNTERCLAIM—DIMINISHING RECOVERY.

In an action to reform a deed conveying a lot 20 feet wide, so as to make it convey a lot only 18 feet wide and with different boundaries, on the ground of mutual mistake, defendant's counterclaim alleged that defendant, relying on plaintiff's representations that the lot was 20 feet wide, agreed to purchase it for a certain sum, when the lot was in fact only 18 feet wide, by reason whereof defendant was damaged in the sum of $1,000. *Held*, that the counterclaim was not demurrable on the ground that it did not tend to diminish plaintiff's recovery.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. § 38; Dec. Dig. § 23.*]

2. REFORMATION OF INSTRUMENTS (§ 19*)—MUTUAL MISTAKE—NECESSITY OF MUTUALITY.

To reform a deed for mistake, the mistake must be mutual, so that the deed does not represent the actual intention of the parties, and that

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

only the grantor was mistaken as to the quantity of land conveyed is not ground for reformation.

[Ed. Note.—For other cases, see Reformation of Instruments, Cent. Dig. §§ 74–78; Dec. Dig. § 19.*]

**3. FRAUD (§ 13*)—KNOWLEDGE OF FALSITY OF REPRESENTATIONS.**

A counterclaim in an action to reform a deed executed by plaintiff, on the ground that it mistakenly described the lot as being 20 feet wide, instead of 18 feet, did not state a cause of action for deceit, where it did not allege that plaintiff knew his statements as to the size of the lot were false, or made them recklessly, without knowledge of their truth or falsity.

[Ed. Note.—For other cases, see Fraud, Cent. Dig. §§ 3–5; Dec. Dig. § 13.*]

Appeal from Special Term, Kings County.

Action by Louis Stolitzky against Peter Linscheid and others. From an interlocutory judgment, overruling a demurrer to the counterclaim of the defendant named, plaintiff appeals. Reversed, and demurrer sustained, with leave to amend.

Argued before JENKS, P. J., and HIRSCHBERG, BURR, WOODWARD, and RICH, JJ.

Nathan April, for appellant.
James Troy, for respondents.

BURR, J. In the spring of 1909 plaintiff executed and delivered to defendant Peter Linscheid a deed purporting to convey a lot of ground in the borough of Brooklyn, situated on the southerly side of Prospect avenue, beginning at a point 80 feet westerly from Sixth avenue, and being 20 feet wide in front on Prospect avenue and in the rear, and 90 feet 4 inches in depth on each side. This action is brought to reform said deed.

The complaint alleges that it was the intent of the parties, the one to sell and the other to purchase, a lot of ground, with the house thereon, known as and by the street number 296 Prospect avenue; that said lot was only 18 feet wide, instead of 20 feet wide, and that the easterly boundary line thereof began at a point 82 feet distant from Sixth avenue, instead of 80 feet, and that by mutual mistake the deed was executed in form as above described.

Defendant answered, pleading various defenses and denials, and setting up by way of counterclaim that, at the time that the agreement for the purchase and sale of the property was entered into, plaintiff stated and represented to him that the lot was 20 feet wide and that the house upon the same was of the full width of the lot; that in ignorance of the real fact, and relying upon the statements and representations of the plaintiff, he agreed to purchase said property and to pay for the same the sum of $1,850, subject to an outstanding mortgage thereon for the sum of $3,850; that in fact the house upon the said lot of land did not exceed in width 18 feet, and that by reason thereof the property was not worth the sum which he agreed to pay and did pay, and that by reason thereof he had been damaged in the sum of $1,000, for which sum he demanded recovery of plaintiff.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

To this counterclaim plaintiff demurred, upon the ground that it did not tend to diminish or defeat his recovery, and did not state facts sufficient to constitute a cause of action. From an interlocutory judgment, overruling the demurrer, plaintiff appeals.

[1, 2] That the counterclaim tends to defeat or diminish plaintiff's recovery seems clear. In order to justify a judgment reforming an instrument on the ground of mistake, the mistake must be mutual, and the paper as finally executed and delivered must fail to represent the actual intention of each of the parties thereto. 34 Cyc. 915; Avery v. Equitable Life Assurance Society, 117 N. Y. 451, 23 N. E. 3. In his counterclaim, defendant alleges that he intended to purchase a lot 20 feet wide, and supposed that he was purchasing a lot of such dimensions, and that the deed as executed expresses his intention. Whatever plaintiff's intention or understanding may have been, it is clear that there was no mutual mistake, and, unless that is established, plaintiff's recovery will be wholly defeated.

[3] But we are of the opinion that the facts stated in the counterclaim are insufficient to sustain an action for damages for deceit, because there is no allegation that plaintiff, when he made the statement as to the size of the lot and of the house thereon, knew that such statements were false, or, in ignorance of the truth or falsity thereof and indifferent as to the fact, made such statement recklessly, paying no heed to the injury which might ensue. Such an allegation, or an allegation that the statement was fraudulently made, is absolutely essential. Bradbury on Rules of Pleading, 329; Kountze v. Kennedy, 147 N. Y. 124, 41 N. E. 414, 29 L. R. A. 360, 49 Am. St. Rep. 651; McIntyre v. Buell, 132 N. Y. 192, 30 N. E. 396; Inderlied v. Honeywell, 88 App. Div. 144, 84 N. Y. Supp. 333; Carr v. Sanger, 138 App. Div. 32, 122 N. Y. Supp. 593. For anything that appears in the statement of facts constituting the counterclaim, plaintiff, in good faith, and in an honest, although mistaken, belief as to its true dimensions, represented to defendant that the house was 20 feet in width, instead of 18 feet. It may be urged that this is improbable, in view of the fact that plaintiff now claims that he never intended to convey a lot more than 18 feet wide; but the sufficiency of the counterclaim must be determined by the allegations contained therein, and, so tested, within the rule above stated, these are insufficient.

The interlocutory judgment should be reversed, with costs, and plaintiff's demurrer to defendant's counterclaim sustained, with costs, with leave to defendant to amend his answer within 20 days after service of a copy of the order to be entered herein, upon payment of the costs of said demurrer and of this appeal. All concur.