█ WILLIAM E. LASSITER et al., Respondents, v. RELLSTAB ASSOCIATES, INC., Appellant.— In an action to recover damages, alleged to have been caused by misrepresentations by appellant as to the location of the easterly boundary line of real property purchased by respondents from appellant, the appeal is from an order of the County Court, Westchester County, denying appellant's motion to dismiss the complaint for insufficiency, pursuant to rule 106 of the Rules of Civil Practice. Order reversed, with $10 costs and disbursements, and motion to dismiss granted, with $10 costs. Respondents purchased property described in the contract of sale and presumably in the deed by lot numbers as shown on certain filed maps. It is not alleged in the complaint that the appellant

was guilty of fraud, nor is it alleged that respondents received by the conveyance from appellant any less property than they had contracted to purchase. No relief by way of reformation or rescission is demanded. Respondents allege that by reason of the fact that the easterly boundary of the property was not located as it had been represented to be, they were required to and did purchase additional property to avoid a violation of a zoning ordinance. As we read the complaint, it attempts to plead a cause of action to recover damages caused by innocent misrepresentations of fact. Such an action does not lie. (*Kountze* v. *Kennedy,* 147 N. Y. 124; *Stolitzky* v. *Linscheid,* 150 App. Div. 253; *Wood* v. *Dudley,* 188 App. Div. 136; *Matter of Manufacturers Chem. Co.* v. *Caswell, Strauss & Co.,* 259 App. Div. 321.) Neither may respondents recover, on the facts pleaded, on the theory of money had and received, or on the theory of unjust enrichment. (Cf. *Bond & Goodwin, Inc.,* v. *du Pont,* 254 App. Div. 543, affd. 280 N. Y. 715.) Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ., concur.