1050 PARK AVENUE CORPORATION, Plaintiff, *v.* LYNDON R. CONNETT, Defendant.

Municipal Court of New York, Borough of Manhattan, Ninth District, November 28, 1928.

*Emanuel Grabson,* for the plaintiff.

*Abberley, Bryde & Appleton,* for the defendant.

CHILVERS, J. The defense of surrender has not been sustained. The defendant still has the keys, and it does not appear that he did anything or said anything to turn the premises back to the landlord.

Nor was there a constructive eviction. Defendant vacated the apartment in June, leaving only some old beds and other junk that he meant to abandon. He did not move out because of any work that was being done by the landlord; no facts appear that would lead to such an inference, and the defendant himself does not say that that is why he moved out. He first noticed the new pipes being put through early in July, and he paid the rent for the months of July and August respectively. Not having moved out because of inconvenience occasioned by the acts of the landlord, there was no eviction.

When the premises were vacated or deserted in June, the landlord

had the right to re-enter. The lease provided in the 6th paragraph that " if the demised premises become vacant or deserted, the landlord by agents or servants may immediately or at any time thereafter re-enter the demised premises  *  *  *  by force or otherwise." He could, under this provision, re-enter without process of law if it could be done peaceably, and it was so done. Under a further provision in that paragraph of the lease, the tenant on such re-entry for that reason remained liable for the rent reserved less the avails of reletting, if any. The term expired September 30, 1928, and the premises had not been relet. He has paid all rent except for the month of September, and he was liable for that month.

Judgment, therefore, for plaintiff.