Vincent D. Damiani, J.
In this action on a lease both sides move for summary judgment.
Plaintiff seeks damages allegedly caused by defendant’s failure to timely vacate the subject premises. Defendant counter *117 claims for damages, alleging that it was illegally evicted without process.
It appears that in 1969 defendant (organized for such purpose) acquired a major share of the physical assets of Hygrade Packaging Corporation (then plaintiff’s tenant) at auction under chapter 11 of the Bankruptcy Act. The assets included machinery, raw materials, finished cardboard boxes, and work in progress located in plaintiff’s premises in Nassau County (comprising 193,000 square feet) consisting of Buildings E, F, H and U. In April, 1969 defendant leased Building TJ from plaintiff as temporary space, on a month-to-month basis, for storage of the goods. The lease provided that either party had the right to terminate the tenancy on 15 days’ notice and that on termination the tenant was obliged to vacate and leave the premises in broom-clean condition (par. 11), failing which the plaintiff (landlord) could enter the premises and remove defendant’s property at its cost without liability on plaintiff’s part (par. 11). Except for Building U, no other written tenancy was arranged by the parties for other space. At the time defendant leased Building U, its goods also occupied space in Buildings F and H. The parties disagree on what basis Buildings F and H were occupied, but in any event such occupancy continued until defendant was evicted. No rental payment, other than the $1,000 monthly rental called for by the lease was ever made by defendant.
On April 17, 1970, plaintiff notified defendant in writing that it terminated the lease, requesting defendant to vacate Buildings E, F, H and U by May 4,1970. Defendant failed to comply and it was not until July (some two months after termination of the tenancy) that plaintiff succeeded in resuming full possession by removing defendant’s property from the premises. At all times during the tenancy, the locks on the buildings belonged to plaintiff and it always retained possession and control of the keys.
Plaintiff contends that defendant’s failure to timely vacate the premises prevented it from delivering possession to its new tenant for more than two months, causing rental income loss and removal expenses for which it seeks reimbursement.
Defendant cross-moves for summary judgment on its counterclaim on the grounds that:
1. Plaintiff ’s failure to comply with section 232-b of the Beal Property Law to terminate the tenancy is fatal to its case.
2. Be-entry upon the leased premises and removal of defendant’s property without process is illegal.
*118 Section 232-b of the Real Property Law provides: “ A monthly tenancy or tenancy from month to month # * * outside of the city of New York may be terminated by the landlord or the tenant upon his notifying the other at least one month before expiration of the term of his election to terminate
The intent of section 232-b of the Real Property Law becomes clear in the light of section 232-a (dealing with such tenancies in New York City) which was in effect when section 232-b became law. Section 232-a mandates absolutely: “No monthly tenant, or tenant from month to month, shall hereafter be removed in the city of New York on the grounds of holding over his term unless at least thirty days before the expiration of the term the landlord or his agent serve upon the tenant * * * a notice in writing * * * that the landlord elects to terminate the tenancy and that unless the tenant removes from such premises on the day on which his term expires the landlord will commence summary proceedings * * * to remove such tenant ’ ’ (emphasis supplied). In contrast, section 232-b employs no such absolute language.
Research has failed to disclose, and the parties do not cite, any New York authority on the question of whether parties may validly agree to a shorter period of notice to terminate a month-to-month tenancy outside of New York ¡City than that provided by section 232-b. (See Note re Sec. 232-b in St. John’s Law Review, 1944, vol. 18, p. 145, wherein it is stated that, where parties stipulate for a longer or shorter period of notice, their voluntary act should not be condemned.)
Unlike tenancies for a fixed period ending on an agreed date, notice is a condition of the contract when leasing is for an indefinite term (Pugsley v. Aikin, 11 N. Y. 494). Section 232-b becomes operative in a leasing for an indefinite term (outside of New York City) that fails to provide for termination notice. However, when the parties do provide for notice their agreement should govern.
Apparently the Legislature did not choose to impose the same stringent mandatory notice requirement to tenancies for indefinite terms outside the City of New York that it chose to impose on such tenancies within the city. Section 232-b does not purport to prescribe public policy, but appears to be simply a remedial statute designed to codify the common-law rule in effect at the time of its passage in 1942.
This view is supported by the Annual Report of the New York Law Commission (1938, p. 371 et seq.), in which adoption of a statutory amendment substantially similar to section 232-b was *119 recommended. The commission neither recommended a mandatory rule nor enunciated public policy, but sought only to codify the common-law rule and bring uniformity to an area of uncertainty and confusion.
In 1942, four years later, section 232-b, employing substantially similar language was adopted. Thus, section 232-b carries out the commission recommendation by codifying the then common-law rule and does not impose a new mandatory notice requirement to terminate indefinite tenancies outside New York City.
Defendant’s second contention that plaintiff’s re-entry upon the demised premises and removal of defendant’s property without process was illegal is also without merit.
Concededly, defendant was notified on April 17,1970 of plaintiff’s election to terminate the tenancy on May 4. On July 19, two months after termination, plaintiff re-entered the premises, gaining access by use of the keys it controlled to its own locks, and removed defendant’s property.
The landlord-tenant relationship having terminated on May 4, the defendant had no further rights in the leased property. Plaintiff was then entitled to possession and defendant was under a duty to surrender it. Plaintiff could thereafter treat defendant as a trespasser (Livingston v. Tanner, 14 N. Y. 64, 70; Schuyler v. Smith, 51 N. Y. 309, 315). Plaintiff was entitled to possession both under common law and paragraph 11 of the lease. Under common law, when a tenant fails to vacate leased property, after termination of the tenancy, the landlord may re-enter the premises peaceably and evict the tenant, or, if he cannot do so, he may maintain an ejectment action (Hoske v. Gentzlinger, 87 Hun 3; Bliss v. Johnson, 73 N. Y. 529, 534). The common-law right of re-entry is not abrogated by the statutory remedy of summary proceedings (Cohen v. Carpenter, 128 App. Div. 862; Stock v. Fredamil, 177 Misc. 897).
Plaintiff properly re-entered the premises (1050 Park Ave. Corp. v. Connett, 133 Misc. 311). Hiring “ trucks and men and even a garbage company * * i:= to dispossess defendant ” does not constitute a forcible entry. In the absence of force that tends to breach the peace, personal violence, or circumstances that cause fear of personal injury to a tenant, re-entry is not deemed forcible (Fults v. Munro, 202 N. Y. 34, 42; Drinkhouse v. Parka Corp., 3 N Y 2d 82, 91). No evidence is presented of forcible re-entry; rather, plaintiff’s re-entry appears to have been both lawful and peaceable.
*120 Defendant objects that plaintiff may not have summary judgment in view of the unresolved issue whether plaintiff leased additional space to defendant in other buildings and the terms of such leasing.
The record is devoid of evidentiary facts sufficient to demonstrate that this is a genuine issue. (Ehrlich v. American Moninger Greenhouse Mfg. Corp., 26 N Y 2d 255.) The conclusory statements in the affidavit of defendant’s vice-president that ‘ ‘ negotiations were had, terms were agreed to, and monies were paid on account of the rental of said space ” and in his deposition that he had spoken to plaintiff’s representative about additional space before and after the lease was signed, are insufficient to validly raise the issue (Indig v. Finkelstein, 23 N Y 2d 728).
The only viable issue of fact presented is the amount of plaintiff’s damages. This does not bar the granting of summary judgment subject to assessment of damages (CPLR 3212, subd. [c]).
Accordingly, defendant’s cross motion for summary judgment is denied. Plaintiff’s damages may be set down for assessment at Trial Term and on such assessment judgment may be entered forthwith for plaintiff.