George L. Cobb, J.
In an action for declaratory and injunctive relief, plaintiff and defendants have each moved for summary judgment.
Since the plaintiff was organized as a stock corporation in *1009 1887, it has operated a psychiatric hospital in Suffolk County. In 1952, it opened a nursing home on the same grounds and in 1974, it added a new health related facility. Plaintiff now has 280 beds in its psychiatric hospital, 80 in its nursing home and 120 in its health related facility.
Plaintiff is authorized to issue 5,000 shares of its common stock and about 50 shareholders, some resident within and some without the State of New York, now hold the 2,961 shares of its stock which have been issued and are presently outstanding. On December 16, 1972, one Frances R. Walker died owning 843 of its shares, or more than 20% of the total. The said shares were included in her residuary estate which was left to Columbia and Cornell Universities. However, the shares were thereafter sold to the agent for two individuals and said agent is now the record owner thereof.
By chapter 617 of the Laws of 1970, the Legislature added section 2801-a to the Public Health Law. Although most of said section 2801-a is a recodification of then existing statutory provisions, paragraph (b) of subdivision 4 thereof is new. It demands that the Public Health Council approve any transfer, assignment or other disposition of 10% or more of the stock of a corporation which operates a "hospital”, and presumably, by reason of the definition of a "hospital” contained in subdivision 1 of section 2801 of the Public Health Law, said paragraph (b) of subdivision 4 is applicable to corporations which operate nursing homes. If the said Public Health Council approval is not obtained, the statute says that the operating certificate of "such hospital shall be subject to revocation or suspension”.
The plaintiff says that said paragraph (b) of subdivision 4 of section 2801-a of the Public Health Law is not applicable to corporations, such as it, which were operating nursing homes before the effective date of the statute, and, among other things, it points out that, since it never imposed any restrictions upon the free transferability of its stock and did not reserve the power to do so, a retroactive application of said paragraph (b) of said subdivision 4 would penalize the corporation itself and all of its stockholders even though the corporation can neither prevent the transfer nor compel statutory compliance.
The Attorney-General on the other hand says that the subject statute was intended to apply to all transfers of stock by business corporations operating "hospital” facilities and *1010 that the public interest demands that any significant transfer of the ownership of such corporations be approved by the appropriate authorities. Although the subject statute seeks only to regulate future transfers, assignments or other disposition of stockholdings, if the statute is interpreted so as to take away or impair the vested right of free alienability which holders of the plaintiffs stock enjoyed immediately prior to the enactment of the statute, it is being applied retroactively (McKinney’s Cons Laws of NY, Book 1, Statutes, § 51, subd a).
As noted in Matter of Mulligan v Murphy (14 NY2d 223, 226), "[a] general rule of construction is that statutes 'are to be construed as prospective only, unless a clear expression of intent to the contrary is found’ (Matter of Ayman v Teachers’ Retirement Bd., 9 N Y 2d 119, 125)”, and it is presumed that a statute, such as this, which takes away or impairs vested rights acquired under previously existing statutes or which creates new obligations is not intended to have retrospective operation (People v Dilliard, 252 App Div 125, 130). The interpretation urged by the Attorney-General would so impair vested rights.
On the other hand, a construction of a statute which would render it wholly ineffective is to be avoided (McKinney’s Cons Laws of NY, Book 1, Statutes, § 144). If at the time the subject statute was enacted new business corporations to operate nursing homes could not be organized, the subject statute would be wholly ineffective unless it be deemed retrospective in operation. However, at the time the subject statute was adopted, new business corporations could be organized for such purpose, provided such incorporation was sought by a person or partnership which on May 22, 1969 was operating a private proprietary nursing home in accordance with the applicable provisions of law (see Public Health Law, § 2801-a, subd 9, par [b]), and while the number of such was unquestionably small, the statute would have some application even if it had no retroactive effect.
Lastly, section 12 of chapter 617 of the Laws of 1970 declared that "[n]o existing right or remedy of any character shall be lost, impaired or affected by reason of this act” and this court can adopt the Attorney-General’s position only if the plain meaning and intent of that language be disregarded. The court finds that the said paragraph (b) of subdivision 4 of section 2801-a of the Public Health Law has no retroactive *1011 effect, and, accordingly, does not reach the issue of its constitutionality.
The cross motion will be denied and the motion will be granted to the extent that the court will enter a judgment containing the declarations sought by paragraphs 1(a), 1(b) and 1(c) of the prayer for relief in the complaint and granting the injunctive relief described in subparagraph 2 thereof, except that the injunctive relief relative to "otherwise * * * seeking to interfere with the transferability of the shares of plaintiff’s common stock” will be limited to attempts to so interfere based upon contentions that the subject statute is applicable.