John D. D’Apice, J.
This is a motion for summary judgment by the plaintiff landlord in an action arising out of an alleged breach of a residential lease agreement. Defendant tenant cross-moves to dismiss the complaint of the plaintiff, and also moves for summary judgment on his counterclaim.
These facts are not in dispute: The defendant, a tenant in subject premises since May, 1975, failed to pay the rent for the months of September and October, 1976. On October 13, 1976, when the tenant was not home, and without tenant’s knowledge or consent, the landlord changed the lock on the apartment and refused to allow the tenant to re-enter. Sometime after this date, the tenant broke the lock and/or broke a window and removed carpeting from the apartment. A dispute exists as to who owned the carpet, the plaintiff landlord maintaining that the carpeting was "stolen” by the defendant.
As damages, the plaintiff seeks: (1) the rent for September and October, 1976, totaling $680; (2) $3,795 representing damages for anticipatory breach; (3) attorney’s fees of $1,000; (4) $525 for cleaning, redecorating and re-rental expenses. He *236 also now seeks to amend the complaint to include a cause of action for damages for theft of property totaling $800.
The defendant contends that no cause of action at all is stated, in that the actions of the landlord amounted to an illegal, actual eviction. In addition, he counterclaims as follows: (1) $6,000 as compensatory damages for the alleged eviction; (2) $6,000 punitive damages; (3) $6,000 as damages for mental anguish caused by the aforesaid eviction.
Thus, the court must decide the legality of the plaintiffs actions. Plaintiff relies on paragraph 7 of the lease which provides that "after a default by the tenant in the payment of rent, the landlord may 'immediately’ or any time thereafter re-enter the demised premises and remove all persons and property thereupon, either by summary dispossess proceedings, or by any suitable action or proceeding at law, or by 'force or otherwise’, without being liable for indictment, prosecution or damages therefore.”
Much to the court’s surprise, there seems to be little authority in this State as to the legality of a peaceful re-entry by the landlord. There is no doubt, however, that a forceful re-entry is illegal and is answerable in treble damages (Real Property Actions and Proceedings Law, § 853). Consequently, that portion of the aforesaid lease clause which authorizes the use of force is void as contrary to law and public policy.
Historically, it appears that New York was among the minority of States which followed the English rule sanctioning the expulsion of a tenant without process, where a tenant has no right to continue in possession. (Tenant — Dispossession Without Process, 6 ALR3d 183.) However, a careful review of the New York cases indicate that re-entry clauses have been upheld and entry without process authorized only where the premises had been previously abandoned or vacated by the tenant. (See 1050 Park Ave. Corp. v Connett, 133 Misc 311, upholding a re-entry of abandoned premises; see, also, Liberty Ind. Park Corp. v Protective Packaging Corp., 71 Misc 2d 116; Michaels v Fishel, 169 NY 381; Rosenñeld v Aaron, 248 NY 437, where tenants were similarly out of possession when reentry was made.)
The court can find no case which authorizes a peaceful reentry while the tenant is still in possession. Moreover, the court does not necessarily agree that a re-entry by changing the lock without permission, while the tenant is in possession can even be termed "peaceful”.
*237 This court is of the opinion that orderly procedure and preservation of the peace require that actual, possession shall not be disturbed except by legal process. The fact that the lease by its terms might sanction this type of activity by the landlord is of no consequence, as the court finds the above lease provision unconscionable and unenforceable as a matter of law, pursuant to section 235-c of the Real Property Law.
The provision, as written, authorizes the landlord without any notice at all to the tenant, at any hour of the day or night, to expel a tenant, who is one minute deficient in any rent payment. The denial of due process is complete, as the provision totally absolves the landlord of any liability whatsoever, even if his bookkeeping error caused an apparent rent deficiency.
This court, therefore, holds that in this State, a tenant who is delinquent in rent payment, and who is still in possession, may only be dispossessed pursuant to section 711 et seq. of the Real Property Actions and Proceedings Law. Accordingly, the intentional acts of the landlord herein amount to an actual illegal eviction of the tenant, relieving the tenant of any and all obligations under the lease. Therefore, all the causes of actions of the plaintiff are dismissed, except that the petitioner is awarded summary judgment for the rent for September, 1976 in the amount of $340.
On the other hand, and for the reason stated above, all of tenant’s motions for summary judgment are granted. A hearing to determine the monetary damages on each cause of action is set down in Part II of this court on February 9, 1977.