OPINION OF THE COURT
Richard A. Goldberg, J.
Landlord Sam Koslowski brought a dispossess proceeding against respondent tenant Joseph Palmieri for nonpayment of the balance of December, January and February rents. The tenant seeks an order granting him leave to proceed as a poor person and setting this proceeding down for a jury trial with the jury fee waived. The landlord presented a copy of the lease agreement which included the clause that "Tenant agrees to and hereby does waive any rights he may have to a trial by jury, and, agrees that the matter in dispute be settled and decided by the court alone.”
On oral motion the tenant questioned the enforceability of the lease because of its failure to comply with CPLR 4544.
*556 CPLR 4544 provides that "The portion of any printed * * * lease for space to be occupied for residential purposes where the print is not clear and legible and is less than eight points in depth * * * may not be received in evidence in any trial, hearing or proceeding on behalf of the party who printed or prepared such contract or agreement”. The contract between these parties is in six-point type but it is "clear and legible.”
As Joseph McLaughlin writes in his 1975 Practice Commentary to this section "The purpose of this new piece of consumer legislation is obvious: to prevent the draftsmen of small, illegibly printed clauses from enforcing them.” (McLaughlin, 1975 Practice Commentary, McKinney’s Cons Laws of NY, Book 7B, CPLR 4544, p 227.) The statute is in the conjunctive however, requiring the print to be not clear and legible and less than eight points in depth for it to be excluded from evidence. As Mr. McLaughlin points out "In other words, to be inadmissible, the print must be both small and illegible.”
The purpose of CPLR 4544 is to put teeth into the requirement that printed contracts be legible. In interpreting similar statutes, the Court of Appeals has held that failure to comply with statutory type size was a "technicality”. (See Hall v Coburn Corp. of Amer., 26 NY2d 396.)
In a case such as this one, where the lease agreement is clear and legible, the court will not bar the admission of the agreement into evidence. This interpretation is supported by the Legislature’s "acquiescence.” The Legislature has known of the ambiguity in the wording of this statute for over two years and has not amended the statute. One can only assume that this is the interpretation the Legislature intended as they have had more than enough time to amend their language if another interpretation was desired.
The tenant also claims that he is entitled to a hearing under section 235-c of the Real Property Law. This section provides that "If the court as a matter of law finds a lease or any clause of the lease to have been unconscionable at the time it was made the court may refuse to enforce the lease, or it may enforce the remainder of the lease without the unconscionable clause, or it may so limit the application of any unconscionable clause as to avoid any unconscionable result.”
In Pine Hill Assoc. v Malveaux (89 Misc 2d 234, 237) Yonkers City Court Judge John D. D’Apice held that a provision in a lease which authorized "the landlord without any notice at all to the tenant, at any hour of the day or *557 night, to expel a tenant, who is one minute deficient in any rent payment” was a "complete” denial of due process and such a provision was unconscionable and unenforceable as a matter of law, pursuant to section 235-c of the Real Property Law.
In this case, the tenant is contesting a clause where he waived any right to a trial by jury and agreed that the dispute would be decided by the court alone. This case is quite different than Pine Hill where a tenant could be expelled without notice. In this court’s opinion, as a matter of law, a clause which waives a jury trial in a nonpayment proceeding is not an unconscionable clause which will lead to an unconscionable result. Lease provisions waiving trial by jury, in the event of any litigation between the parties are valid and binding except in actions for personal injuries or property damage (Avenue Assoc. v Buxbaum, 83 Misc 2d 719; Fay’s Drug Co. of Riverside v P & C Prop. Coop., 51 AD2d 887; Real Property Law, § 259-c). There is no evidence to indicate that a hearing before the court rather than a jury trial would prejudice either of the parties in this proceeding. There are several advantages to a waiver of a trial by jury; specifically, unfair delay may be avoided and substantial economies for all parties can be realized by keeping these proceedings "summary.”
The tenant further contends that the petition should be dismissed for failure to comply with section 735 of the Real Property Actions and Proceedings Law.
The court notes that an affidavit by Don Flores, the landlord’s process server, is on file and that the procedure utilized in serving this notice of petition and petition complies with section 735 of the Real Property Actions and Proceedings Law. There is no affidavit from the tenant denying that he was properly served.
Therefore respondent Joseph Palmieri’s motion for an order to proceed as a poor person and setting this proceeding down for a jury trial with the jury fee waived is denied and any stay of petitioner, his attorney, agents and employees is vacated.