OPINION OF THE COURT
Jerome L. Steinberg, J.
Plaintiff moves to strike the defendant’s demand for a jury on the grounds that there is a jury waiver clause in the lease between the parties. Defendant contends that the size of the *397 print contained in the lease is not in conformity with CPLR 4544, and, therefore, is not binding upon the defendant. Plaintiff does not dispute the fact that the print is not of the required size. It merely contends that the print is clear and legible, and the size of the print is a mere technicality.
CPLR 4544 was enacted to protect the public from print, of such size or clarity, as would not provide reasonable notice to a party signing a lease, or consumer contract, of the terms or provisions thereof. The Legislature, in its wisdom, specifically required that the minimum size be eight points in depth, and five and one-half points in depth for upper case type. The language of the section is clear and unequivocal. Any print less than the minimum size shall not be received in "any trial, hearing or proceeding on behalf of the party who * * * caused said agreement * * * to be printed or prepared”. To permit the court to waive this requirement would be to substitute the judgment of the court for that of the Legislature, and would erode legislation designed to protect the public. This, the court is not about to do, since to do so would be to frustrate, not effectuate the legislative purpose. (Port Chester Wine & Liq. Shop v Miller Bros. Fruiterers, 253 App Div 780, affd 281 NY 101.) Furthermore, a construction of a statute which would render it wholly ineffective is to be avoided. (Long Is. Home v Whalen, 87 Misc 2d 1008.)
The lease in question is the usual form prepared by the real estate board and widely used by landlords in New York City. In general the terms of such leases heavily favor landlords and are onerous and burdensome to tenants who are, at the outset, in a virtually impossible bargaining position. The court is hard pressed not to declare such leases void as contrary to public policy. While it is not prepared to do so at this time, it will not permit such leases to violate a clear mandate of the Legislature.
The court has reviewed the cases cited in plaintiff’s brief. Avenue Assoc. v Buxbaum, (83 Misc 2d 719) and Fay’s Drug Co. of Riverside v P & C Prop. Co-op. (51 AD2d 887) merely stand for the proposition that the parties may, by agreement, waive their rights to a jury trial. There is no doubt that they may do so, if the requirements of the law are complied with. Hall v Coburn Corp. of Amer. (26 NY2d 396), cited in the Koslowski case (infra), does not in the court’s opinion, stand for the proposition that the failure to comply with the requisite size of the print is a mere technicality in this case. In the *398 Hall case, the major thrust of the court’s decision was whether a class action would lie, for a class of undetermined size, consisting of members of the public who had transacted business with diverse retail establishments, in consumer credit transactions. These were subsequently purchased by the same financing institution. The class action sought to void that portion of the credit contract which contained the financing and related charges, over and above the cost price of the merchandise. The court determined that under the circumstances of that case a class action would not lie.
On a collateral question, the court decided that relevant portions of a contract, which are the subject matter of a controversy and which comply with CPLR 4544 will not be voided merely because certain irrelevant and unchallenged portions of the contract did not comply with that section of the CPLR. In that connection the court stated (p 403): "The size of the contract type, although a technicality prescribed by statute, is still a technicality which does not reach the base of the problem.”
In this case, the very clause under attack failed to meet the minimum standards established by the Legislature. Trial by jury is a substantial right, which may not be waived unless the waiving party has sufficient notice that he is foregoing such right. The Legislature has seen fit to establish guidelines for such notice. It is the duty of the courts to construe statutes reasonably and so as not to deprive citizens of important rights. (Matter of Pansa v Damiano, 14 NY2d 356.)
The court has also read Koslowski v Palmiere (94 Misc 2d 555) including the comments of the learned Professor McLaughlin. The court shares the high regard of the Bar for Professor McLaughlin, and does not deny that the distinction he makes is persuasive. Nevertheless, the court does not believe that this is what the Legislature intended, and, for that reason cannot support that opinion, while the legislative draftsmanship may have been faulty, their intentions were clear. Print may be clear, but so small as to be illegible to the naked eye. It may also be of sufficient size and still be unclear. The Legislature obviously wanted the public to know what it was agreeing to; its intention was that the print be both clear and of the requisite size. To hold otherwise would be to rule that if the size requirements were complied with but that because of the nature of the type (i.e., Old English with one letter superimposed on another so as to be illegible) or where *399 the printing had been done so poorly as to render it illegible, the tenant would nevertheless be bound by what he could not read. This, we submit, is a strained interpretation of the law, and we cannot concur. Accordingly, motion to strike jury demand is denied.
(On reargument, November 17, 1978.)
Plaintiff moves to reargue a motion wherein the court refused to strike defendant’s jury demand. Plaintiff had contended that the right of trial by jury had been waived in a clause of the lease between the parties. Defendant opposed the motion, arguing that the portion of the lease containing the waiver did not comply with CPLR 4544, which established minimum type size for leases and other consumer transactions.
The basis for this reargument motion is that the court misapprehended applicability of CPLR 4544, since that section did not take effect until July 1, 1976, and expressly excluded written instruments executed prior thereto. The lease was dated August 7, 1974.
Before considering the merits of this argument, the court must determine whether reargument is appropriate under these circumstances. If not, all other questions become moot.
Reargument is provided for in CPLR 2221. In the practice commentary on this section, Weinstein-Korn-Miller (vol 2A, par 2221.03) states that reargument may be granted where the court mistakenly arrives at its conclusion. No additional facts are to be introduced and such motions are "sparingly granted”.
A review of the original motion papers reveals that this point was never raised at that time. Faced with scores of motions daily, is the court required to search out issues not raised by the parties? This court thinks not. While it is true that a copy of the lease was attached to the court’s papers, the court is not obliged to search out other grounds for the granting or denial of a motion. The court is under no duty to do counsel’s job for them.
In addition, it appears from the opposing papers on this motion that the copy of the moving papers served upon defendant’s counsel did not have a copy of the lease attached thereto. The court ought not to consider that which opposing *400 counsel had no opportunity to rebut (especially where in the moving papers themselves this argument was not raised).
Might not the court then convert this into a renewal of the motion based upon newly discovered facts in the interests of justice? Here too, we think not. In the first place, we can perceive no justice in the denial of such a substantial right as trial by jury. In the second place, this is not a newly discovered fact that counsel could not have discovered prior to the motion, by the exercise of due diligence. Having reached this conclusion this court has not considered the question of whether a renewal of a lease will be deemed to include portions of a prior lease which were excluded by statute in the intervening period. The lease in question was a two-year lease dated August, 1974. On July 1, 1976, before the expiration of the two-year period of the lease, CPLR 4544 took effect. Thus if an identical lease were tendered to and executed by defendant, upon the expiration of the prior lease, the jury waiver would be invalid. Conversely, since by its enactment of CPLR 4544, the Legislature assumed that consumers were unaware of those clauses contained in illegal size print, are we to compel tenants under statutory tenancies to adhere to clauses which the Legislature has assumed they were unaware of?
Undoubtedly this problem warrants judicial consideration. However, for the reasons outlined above, the court feels that it would be inappropriate to do so in this motion.
The original decision is adhered to.