OPINION OF THE COURT
Memorandum.
Order of the court below (94 Misc 2d 555) unanimously *886 reversed, without costs, motion to proceed as a poor person granted and matter remanded to the court below for a jury trial with the jury fee waived.
In this nonpayment summary proceeding, tenant in his answer denied the material allegations of the petition and objected to jurisdiction. He also alleged a breach of the warranty of habitability as an affirmative defense and counterclaim, and a jury trial was demanded. A motion to proceed as a poor person and to set the matter down for a jury trial with the jury fee waived was made by tenant and the moving papers were served together with the answer and jury demand.
The court below denied the motion for a jury trial based upon a jury waiver clause contained in the lease between the parties. In our opinion this clause should not have been given effect because the type was less than eight points in depth (CPLR 4544). In reaching this conclusion, we are aware that adherence to the literal meaning of the words of this statute would preclude consideration of a lease provision only if the type is both small and illegible (McLaughlin, Practice Commentary, McKinney’s Cons Laws of NY, Book 7B, CPLR 4544, 1964 to 1978 Supp, p 248). However, effect should not be given to.the letter of this law as to do so would both contravene the legislative intent and bring about an unreasonable result (see Le Drugstore Etats Unis v New York State Bd. of Pharmacy, 33 NY2d 298, 302; McKinney’s Cons Laws of NY, Book 1, Statutes, § 111). The intention of the Legislature was obviously that the type be both clear and of the requisite size. If we were to hold to the contrary, then a tenant would be bound by a provision, which although of the proper type size, is nevertheless illegible and such a strained and ludicrous interpretation cannot be sustained (Sorbonne Apts. Co. v Kranz, 96 Misc 2d 396).
In addition, we note that tenant’s affidavit was sufficient to warrant the granting of poor person relief and, therefore, the jury fee should be waived. Finally, the question of jurisdiction over tenant’s person was not in issue on this motion and should not have been considered.
Concur: Weinstein, J. P., Mangano and Kirsch, JJ.