OPINION OF THE COURT
Ira Harkavy, J.
Landlord petitioner commenced a summary proceeding against respondent tenant. Respondent submitted a notice of appearance, answer, counterclaim and jury demand. Petitioner moved to strike the jury demand on the grounds that the lease between petitioner’s predecessor in interest and respondent dated July 1,1980 contained a jury waiver clause. Respondent opposed the striking of the jury demand on the grounds that the lease, Blumberg form X 327 (1974), was printed in type that is less than eight points in depth or five and one-half points in depth for upper case type, and therefore may not be received into evidence in any trial hearing a proceeding on behalf of the landlord.
The facts are that on July 1, 1980, petitioner’s predecessor in interest and the respondent entered into a written lease agreement, Blumberg form X 327 (1974). Paragraph 7 of- the lease contained a provision whereby respondent waived a jury trial in the event of an action at law or proceeding between the parties. It is conceded that the printing on the lease was less than eight points in. depth or five and one-half points in depth for upper case type and would therefore be in clear violation of CPLR 4544 which *252 mandates the size of the print in which a lease may be printed. In November of 1980 petitioner purchased the property.
In support of his motion to strike the jury notice petitioner contends that CPLR 4544 is not applicable to him because he was not the party who prepared or printed the lease, that he is not bound by the wrongdoings of his predecessor in interest, and that accordingly, the waiver of jury trial should be enforceable against the respondent.
CPLR 4544 (as added by L1975, ch 370 [eff July 1,1976], as amd by L 1979, ch 474 [eff Sept. 1, 1979]) states (in pertinent part): “The portion of any printed contract or agreement involving a consumer transaction or a lease for space to be occupied for residential purposes where the print is not clear and legible or is less than eight points in depth * * * for upper case type may not be received in evidence in any trial, hearing or proceeding on behalf of the party who printed or prepared such contract, or agreement or who caused said agreement or contract to be printed or prepared * * * No provision of any contract or agreement waiving the provisions of this section shall be effective. The provisions of this section shall not apply to agreements or contracts entered into prior to the effective date of this section.”
As was stated in the headnote in Sorbonne Apts. Co. v Kranz (96 Misc 2d 396): “A jury waiver clause in a lease that does not conform with CPLR 4544, which mandates a minimum size print for consumer contracts and leases, is unenforceable for failure to meet the minimum standards for size of type established by the legislature”. The parties do not dispute the fact that the print of the written lease agreement between the respondent and petitioner’s predecessor in interest failed to meet the requisite standards of CPLR 4544. Petitioner, however, contends that CPLR 4544 is not applicable because he is not “the party who printed or prepared such contract or agreement or who caused said agreement or contract to be printed or prepared”, and that therefore petitioner falls within the purview of the class that the Legislature intended to protect.
The court disagrees with petitioner’s interpretation. It is clear that the waiver of jury trial provision was unenforce *253 able as between the landlord’s predecessor in interest and the respondent. The fact that petitioner, upon his purchase of the property, could not compel the respondent to execute a new lease will not act to exempt him from the requirements of CPLR 4544. If petitioner was exempted and respondent was precluded from demanding a jury trial, such preclusion would be based upon a voidable and unenforceable document, a result which the court finds to be contrary to the legislative intent.
Petitioner argues that the intent of CPLR 4544 was to protect successors in interest from being held liable for wrongdoings of their predecessors. The court finds this argument to be unsubstantiated.
In a memo to the Governor dated June 25, 1975 regarding the proposed CPLR 4544, the Attorney-General stated, “This bill will aid consumers by, in effect, requiring contracts and leases to be written in a clear and legible manner and in a readable type size. One of the hallmarks of a printed contract of adhesion is the miniscule type size in which it is prepared.”
The legislative history of CPLR 4544 serves to clarify the legislative intent. In 1979, the provision was amended to read (L 1979, ch 474, § 1, emphasis added): “where the print is not clear and legible or is less than eight points in depth” from the previous “where the print is not clear and legible and is less than eight points in depth”. The amendment is indicative of the Legislature’s intent to broaden the statute’s applicability. “If we were to hold to the contrary, then a tenant would be bound by a provision, which although of the proper type size, is nevertheless illegible and such a strained and ludicrous interpretation cannot be sustained”. (Koslowski v Palmieri, 98 Misc 2d 885, 886 [App Term, 2d Dept].) The legislative intent is further underscored by the statute’s specific use of the words “consumer transaction” and “space to be occupied for residential purpose”. In the headnote in Sorbonne Apts. Co. v Kranz (96 Misc 2d 396, supra) it was stated: “[T]rial by jury is a substantial right and it is the duty of the court to effectuate the legislative purpose.”
The burdens and privileges of the lease run with the land. The lease in this instance does not conform to the *254 requirements of a validly enforceable lease pursuant to CPLR 4544. The successor in interest is bound by the terms of the lease and any deficiencies therein. The waiver of jury demand in paragraph 7 is concededly printed in print that is smaller than that allowed under CPLR 4544.
Accordingly, petitioner’s motion is denied, the demand for a jury trial is valid.