OPINION OF THE COURT

Per Curiam.

Order entered January 4,1983, reversed, with $10 costs, landlord’s motion to strike jury demand granted, and tenant’s counterclaim for property damage severed.
The lease of the rent-stabilized tenant, which expired October 31, 1981, contained a legally enforceable jury waiver clause. Upon the expiration of that lease, tenant elected to renew for three years and executed a lease renewal to that effect. That instrument provided, inter alia, “the signing by you of this lease renewal, together with all riders attached, shall constitute a binding agreement between us and will incorporate all other terms of the prior lease, except wherein specifically modified, changed or amended herein” (emphasis supplied). Contrary to the finding of Civil Court, we conclude that the incorporation
*552 clause of the lease renewal, which carries forward all other terms of the expired lease, carried forward the jury waiver clause as well. Such a lease provision is generally projected into a statutory tenancy so as to apply during its continuance (1 Rasch, NY Landlord & Tenant, Summary Proceedings [2d ed], § 287). And since under the rent stabilization scheme renewal leases are effective “on the same conditions as the expiring lease” (Code of the Rent Stabilization Association of New York City, Inc., § 60), the jury waiver is necessarily part of any subsequent renewal term.
Inasmuch as the waiver clause excepts from its coverage claims for property damage arising out of the landlord-tenant relationship, tenant is entitled to a jury trial on that counterclaim, and we have severed it accordingly.
Dudley, P. J., Hughes and Parness, JJ., concur.