OPINION OF THE COURT
Alice Schlesinger, J.
In this holdover proceeding where the landlord is alleging respondent tenant Davis has illegally sublet and/or assigned his apartment to respondent undertenants David Schlacter and David Eason, the respondents have moved in the first instance for leave to file a late jury demand.
Petitioner landlord opposes, but not on the technical grounds of lateness. In this regard they claim no prejudice. Rather, they argue that a lease waiver clause applies to all respondents and bars a jury trial. Alternatively, they point to *984 the sixth and seventh defenses in the answer, characterize them as equitable and argue this too precludes a jury trial.
Counsel for all respondents and respondents themselves counter by agreeing to give up the equitable defenses of waiver and estoppel to preserve their jury trial. They argue that the claims can be severed in any event from the main legal disputed issue as to whether there was or was not an illegal sublet.
Additionally, counsel makes a convincing argument for the inapplicability of the jury waiver clause.
The waiver provision in question appears in a lease dated October 10, 1975. The paragraph in issue is No. 23. There is no disagreement that the size of the type used by the landlord throughout this residential lease including clause No. 23 is smaller than the eight-point type mandated by CPLR 4544 and is difficult to read. The size of the print appears to be no more than six points.
There is also no dispute that CPLR 4544 became effective in July 1976, nine months after the lease term began. After the lease ended in 1977, the landlord periodically sent renewal notices to the tenant which he accepted and signed. These renewal notices, in more readable print, contained standard language incorporating "all the terms and conditions contained in the lease heretofore made between the parties”.
In the two latest renewal agreements the landlord had attached articles with additional terms. However none of the renewals contained jury waiver clauses.
The issue then is whether a court should enforce a jury waiver clause in an expired lease whose terms have been incorporated in subsequent agreements but which fails to conform to CPLR 4544. I think not.*
The right to a trial by jury is a fundamental right. (Aetna *985 Ins. Co. v Kennedy, 301 US 389 [1937].) Because of the fundamental nature of this right, courts must indulge every reasonable presumption against finding a waiver. (Supra, at 393.) Further, petitioner has the burden of proving the existence of a knowing and intelligent jury waiver by respondent. (407-88 Assocs. v Sawyer, 83 Misc 2d 300, 301 [Civ Ct, NY County 1975].)
When the Legislature decided in 1975 to enact CPLR 4544 its obvious purpose was the protection of residential tenants and consumers. This provision has been broadly construed. (See, for example, Koslowski v Palmieri, 98 Misc 2d 885 [App Term, 2d Dept 1979] [despite the literal requirement of CPLR 4544 (prior to the 1979 amendment to this provision) that precluded consideration of a lease provision only where the clause was both small and illegible, the Legislature’s obvious intent was that the type be both clear and the proper size]; accord, Sorbonne Apts. Co. v Kranz, 96 Misc 2d 396; see also, Balram v Etheridge, 113 Misc 2d 251 [Civ Ct, Kings County 1982]; Matter of Filippazzo v Garden Face Brickface Co., 120 AD2d 663 [2d Dept 1986].)
The public policy rationale behind CPLR 4544 was to protect residential tenants and consumers who are at risk when entering into contracts drawn up by others and presented to them on a take-or-leave basis. Since they cannot truly negotiate these contracts as an equal, they should at least be able to read them! (See, Sorbonne Apts. Co. v Kranz, supra.) Finally, those individuals who were residential tenants were entering into agreements concerning their homes.
Therefore, this court believes it could never have been the intention of the Legislature for courts to enforce into perpetuity a clause falling into this category which was generally incorporated into subsequent renewals. Holrod Assocs. v Tomanovits (120 Misc 2d 551 [App Term, 1st Dept 1983]) is not contrary to this reasoning and is certainly distinguishable on its facts. In Holrod (supra) a 1981 lease containing a jury waiver clause was held to be incorporated into subsequent renewals which did not explicitly carry over that clause. However, there was no claim there that the original clause was unreadable and/or violative of CPLR 4544.
Further, the court stated that the Code of the Rent Stabilization Association of New York City, Inc. required renewal leases to be effective on the same terms and conditions as the expiring lease. However, that section 60 is to be construed *986 liberally and in furtherance of the rent laws for which the Code was enacted (Matter of Sommer v New York City Conciliation & Appeals Bd., 93 AD2d 481 [1st Dept 1983]). It was not intended to perpetuate those portions of a lease no longer enforceable because of noncompliance with a remedial statute. "Remedial statutes are to be liberally construed to carry out the reform intended and to spread their beneficial results”. (Matter of McMurray v New York State Div. of Hous. & Renewal, 135 AD2d 235, 238-239 [1st Dept].)
The landlord has always had the opportunity to include an enforceable jury waiver clause in the subsequent renewals to be sent the tenant beginning with the first in 1977.
Therefore under these circumstances I find the jury waiver clause unenforceable and not sufficient to bar their right to a trial by jury.
As to the equitable defense of waiver, I believe it should remain. It will be for the Trial Judge to resolve in the event the jury first finds against the respondents on the central issue of the case, whether an illegal sublet and/or assignment occurred. (See, 125 E. 82nd St. Corp. v Mejia, NYLJ, Mar. 2, 1979, at 12, col 4 [Civ Ct, NY County].)
Therefore, respondents are granted leave to interpose a jury demand nunc pro tunc and the petitioner’s motion to strike the jury demand is denied.
The action is restored to the Part 18 Calendar for Wednesday, June 28, 1989, and respondents are directed to pay the jury fee before that date.

 In Sorbonne Apts. Co. v Kranz (96 Misc 2d 396 [Civ Ct, Kings County 1978]), the court for procedural reasons declined to answer this question. However, in dicta it suggested such a waiver would be invalid. In Sorbonne the tenant entered into a two-year lease on August 1, 1974 and CPLR 4544 took effect one month prior to the expiration of the lease. The court noted that: "if an identical lease were tendered to and executed by defendant, upon the expiration of the prior lease, the jury waiver would be invalid. Conversely, since by its enactment of CPLR 4544, the Legislature assumed that consumers were unaware of those clauses contained in illegal size print, are we to compel tenants under statutory tenancies to adhere to clauses which the Legislature has assumed they were unaware of?” (Supra, at 400.)