OPINION OF THE COURT
Herman Cahn, J.
CPLR 4544, requiring the print in certain contracts and residential leases to be at least a certain size, is by its own terms, not retroactive. However, the issue posed herein is whether a new agreement, incorporating by reference terms of the old agreement, will be unenforceable, if the type in the old agreement is too small. The court holds that the new agreement in such circumstances is enforceable.
In this action for a permanent injunction based upon theories of nuisance and trespass, plaintiff Marguerite Jossel *780 moves for an order pursuant to CPLR 4102 (c) striking the jury demand interposed made by defendant Mauro Filicori and striking the action from the jury calendar. The motion is based on a jury waiver clause contained in the lease between the parties.
It is alleged in the complaint that defendant has wrongfully occupied certain roof areas adjacent to his apartment. Said areas do not form any part of the premises to which defendant is entitled to use pursuant to the lease between the parties, and that his use of these roofs has created a dangerous public and private nuisance. 1
Plaintiff seeks, among other things, a permanent injunction enjoining the illegal use of the roofs, directing the removal of the stockade fence and objects now thereon, a permanent abatement of the nuisances and, in addition, monetary and punitive damage.
On October 3, 1975, the parties entered into a lease agreement for the subject apartment at 4 Gramercy West, New York, New York. Clause 20 of said lease reads in part as follows: "That the tenant and undertenants, if any, hereby waive the right to trial by a jury in any summary proceeding instituted by the landlord or in any action involving the interpretation or construction of this lease, the rights of the parties hereunder or the occupancy of the premises by the tenant, whether the action is instituted by the landlord or the tenant * * * or in any action to recover damages arising out of this lease or the occupany of the premises by the tenant whether such action for damages be instituted by the landlord or the tenant * * * that this provision for waiver of jury trial by the tenant shall likewise be applicable to any * * * cause of action which shall accrue in favor of either party or to any action which shall be instituted by the landlord or tenant after the expiration of the term of the lease or during any holdover period or any renewal or extended time of the lease” (emphasis added).
On May 11, 1989, plaintiff filed a note of issue which requested a nonjury trial. Subsequently, on May 23, 1989 defendant filed a jury demand. ,
By reason of the jury waiver contained in the lease between the parties, plaintiff claims this action must be tried by the court without a jury pursuant to CPLR 4102 (c).
Defendant contends that the jury waiver clause in the lease is invalid because it violates the requirements of CPLR 4544, *781 which provides in pertinent part: "Contracts in small print. The portion of any printed contract or agreement involving a * * * lease for space to be occupied for residential purposes where the print is not clear and legible or is less than eight points in depth or five and one-half points in depth for upper case type may not be received in evidence in any trial, hearing or proceeding on behalf of the party who printed or prepared such contract or agreement, or who caused said agreement or contract to be printed or prepare. * * * The provisions of this section shall not apply to agreements or contracts entered into prior to the effective date of this section.”
Defendant contends that the print in paragraph 20 of the lease, the jury waiver clause, is less than eight points in depth, and therefore is in contravention of the requirements of the above-cited section.
Upon the expiration of the original lease term, the lease was extended by letter agreements between the parties on October 1, 1978, October 1, 1981 and November 9, 1984. Said extensions expressly provide for the incorporation of all previous terms and riders.
The lease was executed on October 3, 1975, prior to the effective date of CPLR 4544.
The Law
As to the validity of the jury waiver provision itself, such provision in a lease has been found valid and binding, except as to an action for personal injuries or property damage (Avenue Assocs. v Buxbaum, 83 Misc 2d 719 [App Term, 1st Dept 1975]).
Where a lease renewal of a rent-stabilized apartment contains an incorporation clause extending all the terms of the expired lease, a jury waiver clause is also extended over (Holrod Assocs. v Tomanovits, 120 Misc 2d 551, 552 [App Term, 1st Dept 1983]). The language of the lease renewals involved herein all expressly provide for incorporation of the terms of the original lease.
CPLR 4544 does not apply to the instant proceeding. The underlying purpose of CPLR 4544 is to prevent draftsmen of small, illegibly printed clauses from enforcing them (Matter of Filippazzo v Garden State Brickface Co., 12 AD2d 663 [2d Dept 1986]). Cases construing this statute interpret it as rendering jury waiver provisions in a contract unenforceable if printed *782 in small type (Koslowski v Palmieri, 98 Misc 2d 885 [App Term, 2d Dept 1979]; Balram v Etheridge, 113 Misc 2d 251 [Civ Ct, Kings County 1982]). The rationale behind this is that trial by jury is a substantial right, which should not be waived without knowledge and sufficient notice to the waiving party that it is foregoing such right (Sorbonne Apts. Co. v Kranz, 96 Misc 2d 396 [Civ Ct, Kings County 1978]).
However, the plain language of the statute clearly shows that it is not retroactive. Since the lease predates the statute’s effective date, the defendant may not avail himself of the statute’s protection.
Where the statutory language is clear and unambiguous, the court should construe it so as to give effect to the plain meaning (Bender v Jamaica Hosp., 40 NY2d 560 [1976]).
Defendant’s additional contention, that his defenses and counterclaims do not all arise out of the lease and therefore his demand for a jury trial on those matters should be sustained, is not persuasive. A reading of the counterclaims makes it apparent that all the counterclaims are related to the prohibition of a tenant’s using the roof areas as a "terrace”, a prohibition said to be contained in the lease.
Though defendant asserts otherwise, all counterclaims and defenses are derived from one source, namely, the contractual lease agreement. Thus, defendant is not entitled to a trial by jury based upon the rule that a waiver of right to a trial by jury is not applicable when the claims arise out of separate wrongs (Meltzer v Lincoln Sq. Apts., 135 Misc 2d 315 [Civ Ct, NY County 1987]; Chemical Bank v Summers, 67 AD2d 856 [1st Dept 1979]).
Accordingly, the motion is granted.