In the Matter of the Application of MANUFACTURERS CHEMICAL Co., INC., Petitioner, Appellant, to Stay Proposed Arbitration with CASWELL, STRAUSS & Co., INC., Respondent.

First Department, April 19, 1940.

*Samuel F. Frank* of counsel [*Paul Moskowitz* with him on the brief; *Frank, Weil & Strouse*, attorneys], for the appellant.

*Russell C. MacFall* of counsel [*Abberley, Bryde, MacFall & Amon*, attorneys], for the respondent.

O'MALLEY, J.   The question presented is whether the petitioner has shown facts sufficient to require a preliminary trial as to the validity of five separate contracts between the parties.   Each contained an arbitration clause which the respondent is seeking to enforce.

The contracts were for the purchase of various quantities of tin by the petitioner from respondent.   So far as material, they all provided for delivery " Ex dock Port of New York " and shipment by " S. S. *Argoshill.*"   The five contracts were entered into between September 30 and October 10, 1939.

The averments of the petition, which are in no wise controverted (respondent having submitted no affidavit in opposition to petitioner's application for a stay of arbitration) establish the following facts:

The petitioner desired to purchase tin for " spot " (immediate) delivery.   Accordingly it informed respondent that there must be delivery not later than October 13, 1939.   Respondent's representative guaranteed delivery as demanded.   When the executed contract of September thirtieth was presented to the petitioner, it complained of the provisions as to delivery " ex S. S. *Argoshill* " on the ground that spot delivery was required and had been agreed upon and that no contract would be signed if it meant a delay in delivery beyond October thirteenth.

Respondent's representative assured the petitioner that the contract would be fulfilled as orally agreed upon; and that the written contract was a matter of form.   Additional assurances were given

that the S. S. *Argoshill* was expected to dock any day in the Port of New York as it had passed the war danger zone and that delivery would be made within a few days. Similar representations were made to the petitioner with respect to the other four contracts. Petitioner's representative having no reason to doubt these assertions and, relying solely upon them, signed the contracts. Had they not been made, or had petitioner's representative known that there was to be no spot delivery, he would not have entered into the contracts, nor was he authorized to do so.

Subsequently, it was learned that the statements as to delivery were untrue and that the S. S. *Argoshill* had not been near the American coast, as reported, and that it did not as a matter of fact arrive at the Port of New York until December 23, 1939. Attached to the petition is a letter dated November 15, 1939, wherein the petitioner notified respondent that it considered the contracts at an end because delivery had not been made by October thirteenth.

The petitioner seeks to stay arbitration on three grounds: (1) That the five contracts were obtained through fraud and are, therefore, void; (2) that they were breached by the respondent and, hence, were not in existence at the time the respondent sustained its alleged loss by non-acceptance; and (3) that the contracts are void because they are oppressive, against public policy, in restraint of trade and in furtherance of a monopoly.

Without adverting to the grounds set forth to sustain the last two objections, it suffices to say that they are untenable. We are of opinion, however, that the first objection, as supported by the uncontradicted averments of the petition, is sufficient to establish the right of the petitioner to have a court and jury pass on the question whether the contracts, in the circumstances, are now enforcible against the petitioner.

While otherwise irrevocable, agreements to arbitrate are, nevertheless, subject to " such grounds as exist at law or in equity for the revocation of any contract;" and where a contract may be avoided at law or in equity, a provision for arbitration may be resisted. (Civ. Prac. Act, § 1448; *Matter of Zimmerman* v. *Cohen*, 236 N. Y. 15, 20; *Gilbert* v. *Burnstine*, 255 id. 348, 353.)

While the allegations of the petition would not support a charge of fraud (there being no averment that the misrepresentations were fraudulently and knowingly made), nevertheless they show that the contracts were induced by misrepresentations without which the petitioner would not have purchased. In equity, a contract may be avoided on the ground that it had been consummated through misrepresentation of material facts not amounting to actual fraud; and, unlike an action at law for damages, intentional misstatements

need not be shown. Recovery may be had even though allegations of fraud are not proved. (*Bloomquist* v. *Farson*, 222 N. Y. 375, 380; *Junius Construction Corp.* v. *Cohen*, 257 id. 393, 400.)

Our conclusion is that the petitioner is entitled to a trial with respect to the allegations in the petition concerning the making of the misrepresentations, their falsity and petitioner's reliance thereon. If proved, the petitioner is in a position where it rightfully has rescinded the contracts. If this be so, no arbitration may be had since the provision therefor in each contract would fall with the contract itself.

It follows, therefore, that the order appealed from should be reversed, with twenty dollars costs and disbursements to the appellant, and the motion for a trial of preliminary issues and a stay of the arbitration meanwhile granted.

MARTIN, P. J., TOWNLEY, GLENNON and UNTERMYER, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and the motion for a trial of preliminary issues and a stay of the arbitration meanwhile granted. Settle order on notice.