SOL LEAV et al., Appellants, v. DOROTHEA M. WEITZNER et al., Respondents.

First Department, December 22, 1944.

*Gerson C. Young* of counsel (*Telsey & Young,* attorneys), for appellants.

*David Harrison* for respondents.

UNTERMYER, J. This appeal presents interesting questions concerning the right of the plaintiffs to insist upon a jury trial.

The action is for damages alleged to have been sustained by reason of fraudulent representations made by the defendants to induce the plaintiffs, as tenants, to enter into a lease with the defendant Dorothea M. Weitzner as landlord of a loft in the borough of Manhattan, the term to commence on February 1, 1944. It is alleged that the defendants falsely represented that the loft, then occupied by others, was available for occupancy by the plaintiffs on February 1, 1944, but that in truth the earlier tenants were entitled to remain in possession after February 1, 1944, and did so remain, under a lease previously executed by the landlord.

The complaint in its two causes of action alleges that the plaintiffs were unable for a considerable period of time to secure other premises suitable for their requirements and thereby incurred expense and sustained a loss of profits. The second cause of action differs from the first in that it alleges that the plaintiffs, upon discovering the alleged fraud, had rescinded the lease by written notice to the defendants. The plaintiffs, however, do not demand restitution in consequence of that rescission but only repeat the specification of damage sustained as alleged in the first cause of action. We need not, however, pause to consider the nature of the second cause of action and whether it is based upon rescission or for damages because, we think, any waiver of a jury trial of the issues tendered by the first cause of action would apply equally to the second cause of action. In so holding, we extend to the present case by analogy the settled rule that a plaintiff who joins an action at law with a cause of action in equity thereby relinquishes the right to a jury trial as to both. (*Di Menna* v. *Cooper & Evans Co.*, 220 N. Y. 391; *Auerbach* v. *Chase National Bank*, 251 App. Div. 543.)

The lease contains the following provisions: " It is mutually agreed by and between Landlord and Tenant that the respective parties hereto shall and they hereby do waive trial by jury in any action, proceeding or counterclaim brought by either of the parties hereto against the other on any matters whatsoever arising out of or in any way connected with this lease, the Tenant's use or occupancy of said premises, and/or any claim of injury or damage." Notwithstanding these provisions, the plaintiffs served a demand for a trial by jury of the issues and placed the case on the jury calendar. The defendants moved to strike out the demand and that the case be placed on the non-jury calendar for trial. That motion was granted by the Trial Term.

In asserting a claim for damages resulting from the execution of the lease, the plaintiffs necessarily affirm its existence and maintain the action on the theory that the defendants' fraud resulted in a subsisting contract which, on account of the falsity of the representations, is detrimental to them. Under these circumstances, the plaintiffs are not in a position to contend, as they might perhaps contend in an action for rescission, that the stipulation waiving a jury trial perished with all the other rights and obligations under the lease. (Cf. *Matter of Mfrs. Chem. Co.* v. *Caswell, Strauss & Co.,* 259 App. Div. 321.) In pursuing their remedy for damages, they necessarily affirm the existence of the lease from which the damages ensue. (*Merry Realty Co.* v. *Shamokin & Hollis R. E. Co.,* 230 N. Y. 316; *American Woolen Co.* v. *Samuelsohn,* 226 N. Y. 61; *Conrow* v. *Little,* 115 N. Y. 387; *Moller* v. *Tuska,* 87 N. Y. 166; *Rodermund* v. *Clark,* 46 N. Y. 354.) They may not at the same time rely upon the lease as the foundation of their claim for damages and repudiate the provisions by which they waived their constitutional right to a jury trial. (*McNaught* v. *Equitable Life Assurance Society,* 136 App. Div. 774.) Accordingly, in its present form, the action is within the broad provisions which waive a jury trial in any action " arising out of or in any way connected with this lease ".

The question remains whether the plaintiffs are entitled to a jury trial as against those defendants who are alleged to have been implicated in the fraud but who are not parties to the lease. We think the terms of the waiver are such as to include all persons whom the plaintiffs may join as defendants " in any action " against the landlord, Dorothea M. Weitzner, relating to the lease. That waiver is not limited to the controversy between the landlord and the tenant but extends *to the action* in which is litigated any controversy between them pertaining to the lease. The plaintiffs could not deprive the landlord of the benefit of that stipulation by joining with her as defendants others who are not parties to the lease nor require the action to be severed as to them. A different question would, of course, arise if defendants, not parties to the lease, should assert their right to a jury trial.

The order appealed from should be affirmed, with twenty dollars costs and disbursements.

MARTIN, P. J., TOWNLEY, GLENNON and DORE, JJ., concur.

Order unanimously affirmed, with twenty dollars costs and disbursements.