JAMES TALCOTT, INC., Plaintiff, *v.* LE BOU SLAX, INC., Defendant.

Supreme Court, Special Term, New York County, January 19, 1949.

*I. Jonas Speciner* for plaintiff.

*Charles Meyer* for defendant.

STEUER, J. The action is for goods sold and delivered on a claim assigned to the plaintiff by the seller. Defendant has interposed three counterclaims for breach of warranty, one with respect to each shipment as each was the subject of a separate invoice. Plaintiff moves to dismiss these counterclaims on two distinct grounds. The first is that by contract defendant agreed not to assert any counterclaim.

The sales were initiated by written orders signed by defendant. These orders contained the provision against a counterclaim on which plaintiff relies. They provided that they were not binding unless accepted in writing by the seller. The seller confirmed by a different writing which the seller asked the defendant also to sign. The defendant did not. This failure to sign the new writing does not affect the situation.

The pertinent part of the agreement reads: "If the buyer rejects delivery of, or returns, any merchandise covered by this order, Diffusa, Inc. [the seller, assignor] shall be entitled * * * to institute immediate action for the price of such rejected or returned merchandise. In any such action the buyer hereby waives the right to a trial by jury and agrees not to interpose any counterclaim of any nature or description."

Similar terms in contracts have been enforced by the courts (*Jayell Films* v. *A. F. E. Corp.*, 67 N. Y. S. 2d 77, and cases cited) but they have been uniformly in instances where the contract was for remittance of specific funds. In any event such an agreement being in derogation of rights is to be construed strictly against the drawer of the instrument. It will be observed that the buyer agrees to waive in an action brought by Diffusa, Inc., and in no other. This is not such an action. It cannot be said that because the buyer agrees to waive his right to counterclaim against a named person he thereby agrees to waive as against any person to whom the seller may assign. The agreement is not limited to counterclaims arising out of the particular transaction. As it is personal, if the intent was to include assignees, that should have been mentioned.

The other ground for dismissal is that the counterclaims did not arise until after notice of the assignment had been given defendant. If this is true, the counterclaims are not valid against the assignee. The facts upon which the contention rests are that notice of the assignment was given in the face of the invoices and these were received some days before defendant gave notice that the goods were defective and it intended to assert a claim. There is no doubt that such notice is a prere-

quisite to suit for breach of warranty. Nevertheless, it is the rule that the Statute of Limitations starts to run upon receipt of the merchandise (*Liberty Mut. Ins. Co.* v. *Sheila-Lynn, Inc.*, 185 Misc. 689, affd. 270 App. Div. 835). This apparent discrepancy can be resolved by reference to section 150 of the Personal Property Law which gives the several remedies of a buyer to whom defective merchandise has been delivered. The deduction which reconciles the conflicting rules of law is that the cause of action arises upon receipt of the goods but until the buyer gives notice of which remedy he intends to avail himself he may not proceed and unless he does so seasonably he waives his right to proceed at all.

Another branch of the motion seeks dismissal of several separate defenses. These defenses are the counterclaims pleaded as setoffs. Nothing is gained by this pleading as defendant derives no additional rights or benefit from this form of pleading. This relief is granted; the balance denied.