Miles F. McDonald, J.
The decision of this court dated January 7,1959, granting by default the defendant’s motion for an order striking the above-entitled action from the Jury Calendar of this court is recalled.
An affidavit in opposition to this motion was duly filed with the Calendar Clerk, but due to the transfer from the old to the new Supreme Court building, same was inadvertently misplaced and was not submitted to the court. The court will now consider this motion anew.
This action is one in tort brought by the plaintiff to recover damages for personal injuries allegedly sustained by her because of a falling ceiling in an apartment occupied by her under the terms of a written lease made with the defendant. One of the provisions of paragraph 13 of the lease reads as follows: ‘ ‘ The parties to this agreement waive trial by jury in any action or proceeding which may be brought under this lease or under the demised term or any extension, renewal, holdover or modification of such term or tenancy whatever the nature thereof. ’ ’
Plaintiff has served a statement of readiness and a note of issue for the January 1959 Term and in said notice demanded a jury trial. Defendant moves this court for an order striking out the jury demand on the ground that by the terms of the agreement entered into between the parties, the plaintiff waived a trial by jury in any action commenced by her against the defendant. It is a general rule, since the right of trial by jury is highly favored, that waivers of the right are always strictly construed and are not to be lightly inferred or extended by implication, whether with respect to a civil or criminal case. Every reasonable presumption should be made against its waiver. While it is true that the right to a trial by jury may be waived by an agreement covering future litigations between the parties, our courts have consistently held that the extent of the waiver is one of intention to be determined by the exact wording of the agreement and in the light of all the circumstances. (See Klipach v. Raymar Novelties, 273 App. Div. 54.) It is important, therefore, to refer to the language of the agreement purporting to constitute such waiver. A reading of the agreement discloses that there is no reference to a waiver of a jury trial in any action where a claim for personal injury or damage is made. The agreement in substance provides that the waiver extends only to an action or proceeding brought under the lease or any extension or renewal thereof.
Reading the agreement in a light most favorable to the landlord would not lead one to believe that a waiver such as urged by the landlord was within the contemplation of the parties *336 when the waiver agreement was made. The wording of the agreement which the defendant claims constituted a waiver of the right to trial by jury in a tort action such as in the instant case does not contain any clear and unequivocal expression of intention on the part of the plaintiff to waive her right to a jury trial.
The action commenced by the plaintiff to recover damages for personal injuries does not grow out of any of the provisions of the lease, nor does it affect the lease or determine any interest thereunder. (See Frohlich & Hager v. Amalgamated Properties, 181 Misc. 127, affd. 181 Misc. 128; Parise v. Seaman Trucking Co., 278 App. Div. 845.)
The court is of the opinion that the terms of the agreement entered into between the parties with reference to a waiver of the right to trial by jury are not broad enough to include the present action which clearly does not involve the terms, covenants or conditions of the lease or of any right, title or interest in the demised premises.
Accordingly the motion to strike the action from the Jury Calendar of this court is denied.
Settle order.