■ BENJAMIN SHAPIRO, Respondent, v. MARSTONE DISTRIBUTORS, INC., Defendant, and UNITED STATES STEEL CORPORATION (CERTIFIED INDUSTRIES DIVISION), Appellant.— In an action against defendant Marstone Distributors, Inc., to recover rent allegedly due under a lease and against appellant United States Steel Corporation, as guarantor, the appeal is from an order of the Supreme Court, Nassau County, dated April 19, 1972, which granted plaintiff's motion to strike appellant's jury demands. Order reversed, with $20 costs and disbursements, and motion denied. Plaintiff and defendant Marstone entered into a lease dated October 3, 1960 which provided in paragraph 20: "The lessor and the lessee do hereby waive a trial by jury in any action, proceeding or counterclaim brought by either of them against the other on any matters whatsoever arising out of or in any way connected with this lease, the relationship of landlord and tenant, tenant's use or occupancy of said premises and/or any claim of injury or damage." On April 30, 1964, plaintiff, Marstone and appellant (previously known as New Providence Corporation) entered into in agreement which in part provided that appellant guaranteed the payment of rent due under the lease dated October 3, 1960. Paragraph 7 of this agreement, which did not contain its own jury waiver provision, stated as follows: "Except as herein expressly modified, all of the terms, covenants, provisions and conditions of said lease dated October 3, 1960 shall remain in full force and effect." The jury waiver provision in the main lease was not modified in any way. In determining whether appellant has waived its right to a jury trial it should be kept in mind that, since the right of a trial by jury is highly favored, a claimed waiver of this right is always strictly construed and waiver should not be easily inferred or extended by implication (*Groeger* v. *Mifles Realty Corp.*, 17 Misc 2d 334; *Schaefer* v. *Ohland*, 105 N. Y. S. 2d 935). It is apparent in the instant case that under the April 30, 1964 agreement the terms of the main lease, including the jury waiver provision, became binding. However, it is necessary to look to the waiver provision to see exactly what the parties had agreed to. The provision specifically provided only that the "lessor and the lessee" waive a trial by jury in any action "by either of them against the other" in connection with the lease. Appellant was neither the lessor nor lessee. It is being sued only as a guarantor. Since the provision did not apply to appellant, it is clear that it never waived its right to a jury trial. Latham, Acting P. J., Shapiro, Gulotta, Christ and Brennan, JJ., concur.