■ FAY'S DRUG CO. OF RIVERSIDE, INC., Appellant, v P & C PROPERTY COOPERATIVE, INC., et al., Respondents.—Order unanimously reversed, with costs, and motion granted. Memorandum: Plaintiff appeals from an order which denied its motion to strike from the note of issue defendant Nicholas J. Masterpol's (Masterpol) demand for a jury trial. Plaintiff leased from codefendant P & C Property Cooperative, Inc. (P & C), certain premises in a commercial shopping plaza. P & C subsequently sold the property and assigned the lease to Masterpol. The lease contained a clause providing: "The parties hereby waive trial by jury in any action between them on matters arising out of this lease and the operation thereof." In its complaint plaintiff alleges five causes of action. Two of them seek a declaratory judgment that the lease is void because of failure of the defendant to finish construction of the premises. Two seek money damages for a breach of the lease and one requests a reformation of the lease. Masterpol's answer contains counterclaims setting forth five causes of action against plaintiff and six cross claims against P & C. The counterclaims against plaintiff seek substantial money damages in the first cause of action for conspiracy to breach the lease; in the second cause of action for fraudulent misrepresentations; in the third cause of action for willful breach of the lease; in the fourth cause of action for malicious inducement of a cotenant to breach the lease; and in the fifth cause of action for tortious interference with the contractual relationship between Masterpol and a named nonparty cotenant. By a provision in the lease parties to it may waive trial by jury in any action, proceeding or counterclaim thereon other than one for personal injury or property damage (Stephenson v 30 Fifth Ave., 1 AD2d 469; Waterside Holding Corp. v Lask, 233 App Div 456; 4 Weinstein-Korn-Miller, NY Civ Prac, par 4102.14; cf. Real Property Law, § 259-c; Leav v Weitzner, 268 App Div 466; National Processed Foods Corp. v Rubel Corp., 265 App Div 879). Here, the parties, by pursuing their remedies for damages, necessarily affirm the existence of the lease from which the damages ensue (Merry Realty Co. v Shamoken & Hollis Real Estate Co., 230 NY 316; Conrow v Little, 115 NY 387). Specifically, Masterpol's counterclaim, which, inter alia, alleges the breach of the lease by plaintiff, may not at the same time rely upon the lease as the foundation of the claim for damages, and repudiate the provisions therein by which the right to trial by jury is waived (Leav v Weitzner, supra; Pratt v Trustees of Sailors' Snug Harbor in City of N. Y., 19 Misc 2d 551). (Appeal from order of Onondaga Supreme

Court in action on lease.) Present.—Marsh, P. J., Moule, Cardamone, Mahoney and Goldman, JJ.