■ IRWIN G. CANTOR, Respondent, v TECHLEASE, INC., Appellant.—In an action to recover damages arising out of the alleged breach of a sublease, defendant appeals from an order of the Supreme Court, Queens County, dated February 16, 1977, which granted plaintiff's motion to strike its demand for a jury trial. Order reversed, with $50 costs and disbursements, and motion denied. On February 10, 1969, Abraham Hertzberg and plaintiff Irwin G. Cantor, jointly doing business as Hertzberg & Cantor, entered into a lease with Tishman 919 Lease Corp., whereby the former leased certain premises from the latter. On May 1, 1970, Hertzberg & Cantor entered into a sublease with defendant Techlease, Inc., and A & E Designs, Inc., whereby Hertzberg & Cantor subleased a portion of the leased premises to Techlease and A & E. Paragraph 25 of the lease provides: "It is mutually agreed by and between Landlord and Tenant that the respective parties hereto shall and they hereby do waive trial by jury in any action, proceeding or counterclaim brought by either of the parties hereto against the other on any matters whatsoever arising out of or in any way connected with this lease, the relationship of landlord and tenant, Tenant's use or occupancy of said premises, and/or any claim of injury or damage, or for the enforcement of any remedy under any statute, emergency or otherwise." Paragraph 11 of the sublease provides: "Tenant further agrees to be bound by all the terms and conditions, rules and regulations contained in the prime lease which are incorporated herein insofar as they apply to the premises demised hereunder and are not inconsistent herewith, including and not limited to indemnification of Landlord and prime landlord in accord with the terms of the prime lease, except for the payment of rent and additional rent and the maintenance of insurance on behalf of the prime landlord." After issue was joined, the plaintiff noticed the case for trial without a jury. Defendant served a jury demand. Plaintiff moved to strike defendant's jury demand on the ground that it had waived its right to a jury trial by the terms and

provisions of the lease and sublease. Special Term granted plaintiff's motion and Techlease has appealed from that order. In accordance with the rule that a claimed waiver of the right to trial by jury is to be strictly construed, we hold that the defendant has not waived that right. In *Shapiro v Marstone Distrs.* (40 AD2d 878) a lessor brought an action against a lessee and a guarantor to recover rent allegedly due under a lease. The relevant portion of the lease provided: " 'The lessor and the lessee do hereby waive a trial by jury in any action, proceeding or counterclaim brought by either of them against the other on any matters whatsoever arising out of or in any way connected with this lease, the relationship of landlord and tenant, tenant's use or occupancy of said premises and/or any claim of injury or damage.' " The guarantee agreement, which did not contain its own jury waiver provision, stated as follows: " 'Except as herein expressly modified, all of the terms, covenants, provisions and conditions of said lease * * * shall remain in full force and effect.' " This court reasoned that although the terms of the main lease became binding, the waiver provision specifically provided only that the "lessor and the lessee" waived a jury trial in any action "by either of them against the other". Therefore, we held, the guarantor never waived its right to a jury trial. In the case at bar the waiver, when strictly construed, only applies to a dispute between the "landlord", Tishman 919, and its "tenant". The waiver does not apply to a dispute between the "tenant" and a subtenant. Thus, under the reasoning of the *Shapiro* case, we conclude that the plaintiff should not be allowed to incorporate merely by reference a small-print waiver of such a fundamental right as the right to trial by jury. Hopkins, J. P., Margett and Rabin, JJ., concur; Latham, J., dissents and votes to affirm the order, with the following memorandum: In my opinion the language of the sublease is simple and explicit, applied to "the premises demised hereunder", and bound the sublessee. Thus, the facts here are clearly distinguishable from those in *Shapiro v Marston Distrs.* (40 AD2d 878), where we held that the jury waiver did not bind a mere guarantor of the sublease.