■ KIMI JEWELERS, INC., Appellant, v ADVANCE BURGLAR ALARM SYSTEMS, INC., Respondent, et al., Defendants.—Order, Supreme Court, New York County (Harold Tompkins, J.), entered on or about April 14, 1989, granting defendant's motion to strike plaintiff's demand for a jury trial, unanimously affirmed with costs.

Defendant alarm company, assignee of a company which, by agreement, leased to plaintiff an alarm system, could enforce plaintiff's waiver of the right to a jury trial in any action between the parties. As assignee of a contract, which by its terms could be assigned, it cannot be said that plaintiff's waiver was personal as to defendant's predecessor (assignor) and no other, as in the case of *James Talcott, Inc. v Le Bou Slax* (194 Misc 620). Moreover, plaintiff should not be permitted to assert claims arising out of the agreement while, at the same time, repudiating the jury waiver clause *(Fay's Drug Co. v P & C Prop. Coop.,* 51 AD2d 887). We reject plaintiff's claim that the waiver provision was deeply and inconspicuously hidden in the agreement. It was set forth in the rather short agreement in the same size print as every other provision of the document and under the heading "LEGAL ACTION", so as to draw one's attention to it. *(James Talcott, Inc. v Wilson Hosiery Co.,* 32 AD2d 524.) Concur—Kupferman, J. P., Carro, Milonas, Wallach and Smith, JJ.