■ Phoenix Garden Restaurant, Inc., et al., Respondents, v Joseph Chu et al., Appellants. [651 NYS2d 510] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered April 2, 1996 (on renewal of an earlier motion), which, *inter alia,* denied defendants' motion to strike plaintiffs' jury demand, unanimously modified, on the law, the jury demand is stricken, and otherwise affirmed, without costs.

Plaintiffs, who operated a restaurant in an arcade on Elizabeth Street in Manhattan's Chinatown section, allege that their successful business was ruined when their landlords embarked upon an ill-conceived plan for comprehensive renovation of the commercial premises. Defendant bank, which loaned to plaintiffs the "key money" called for by the landlords, is alleged to be under the landlords' control, and thus a part of the fraudulent scheme.

Along with their note of issue, plaintiffs filed a demand for trial by jury. Defendants moved, *inter alia,* to vacate that demand, citing the clause in paragraph 25 of the lease whereby plaintiffs waived the right to a jury in trying this type of matter. Plaintiffs countered that any such waiver in a lease is void by statute.

Real Property Law § 259-c invalidates any lease provision which purports to waive the right to a jury trial among the parties in an action for personal injury or property damage. On its face, the waiver in question does not violate this statutory proscription inasmuch as the clause specifically excepts actions involving personal injury or property damage. There is a split of authority on the waivability of the right to a jury trial on other related injuries (such as stemming from fraud and misrepresentation), depending on whether the alleged injury is tortiously or contractually based. *(See, 81 Franklin Co. v Ginaccini,* 149 Misc 2d 124 [Civ Ct, NY County].) The Second Department has adopted the position that the statutory policy against jury waivers does not apply to contractually based injury, such as arising from breach of a lease *(Lindenwood Realty Co. v Feldman,* 40 AD2d 855, *revg on dissenting opn of Gulotta, J., at App Term* 72 Misc 2d 68, 69-70). The Fourth Department agrees that a claim for damages arising out of breach of a lease cannot repudiate a valid jury waiver contained therein *(Fay's Drug Co. v P & C Prop. Coop.,* 51 AD2d 887). Cases in this Department, while recognizing the distinction, have nonetheless taken the position that the statutory proscription draws no line between tortiously and contractually based property damage claims, any and all such waivers being in violation of public policy *(see, Swinger Realty Corp. v*

*Kizner Imports*, 70 Misc 2d 742 [App Term, 1st Dept]), although the contrary view has had its adherents (*see, minority mems in Fransac Corp. v Avnet, Inc.*, 49 AD2d 523).

However, we need not reach the question of legislative interpretation here. By mingling claims for money damages with substantial and independent claims sounding in equity, plaintiffs have effectively waived their right to trial by jury (*Zimmer-Masiello, Inc. v Zimmer, Inc.*, 164 AD2d 845). Inclusion of a demand for money damages in the complaint does not, in and of itself, guarantee entitlement to a jury trial (*Kaplan v Long Is. Univ.*, 116 AD2d 508). Rather, it must be determined whether the main thrust of the action is for legal damages or for equitable relief (*Trepuk v Frank*, 104 AD2d 780). Even though a majority of the eleven claims are for money damages, the focus of the complaint is clearly centered on the fourth, sixth and eighth causes of action, which seek a declaration nullifying plaintiffs' note and personal guaranties, estoppel against enforcement of those instruments, and an injunction against interference with quiet enjoyment of the leased premises (the last, in effect, requiring the landlord defendants to undo substantial physical changes to the demised premises and to return the premises to their original condition). By the nature of their pleadings, plaintiffs have thus waived their right to demand a jury trial. Concur—Milonas, J. P., Wallach, Kupferman and Andrias, JJ.