■ SHERRY ASSOCIATES et al., Appellants-Respondents, v SHERRY-NETHERLAND, INC., Respondent-Appellant. [708 NYS2d 105] —Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about October 5, 1999, which, *inter alia*, denied defendant's motion for summary judgment insofar as said motion sought dismissal of the second and fifth causes of action in the second amended complaint, but granted defendant's motion to strike plaintiffs' demands for punitive damages and a jury trial, unanimously modified, on the law, to grant defendant's motion to the further extent of granting summary judgment dismissing the second cause of action in its entirety and the fifth cause of action insofar as it arises out of pre-1996 conduct, and to deny defendant's motion to strike to the extent of reinstating plaintiffs' claim for punitive damages with respect to post-1996 conduct, without prejudice to a subsequent motion to strike or dismiss, and otherwise affirmed, without costs.

Plaintiffs, a minority of minority shareholders in defendant cooperative corporation, a dual purpose residence and first-class public hotel, have not presented any evidence to overcome the strong presumption that the corporation, controlled by resident shareholders, acted in good faith and in the exercise of honest judgment, and did not discriminate against plaintiffs, owners of transient units for investment purposes (*see, Jones v Surrey Coop. Apts.*, 263 AD2d 33, 36-37). Plaintiffs have not

demonstrated a breach of any specific obligation, but only the manner in which the corporation operated the hotel, which the pertinent governing documents gave the corporation discretion over, and therefore plaintiffs' classification of their claim as one for "breach of contract" does not defeat the operation of the business judgment rule. The opinions of plaintiffs' experts that the corporation discriminated against transient owners are unsupported by any factual foundation, and the experts' remaining findings raise nothing more than the inference that the hotel could have been operated more profitably, which is insufficient to defeat the business judgment rule (see, Matter of Levandusky v One Fifth Ave. Apt. Corp., 75 NY2d 530, 538). The parties' past dealings actually indicate that the corporation fully protected and advanced the transient owners' interests. Plaintiffs' speculation that further discovery may disclose evidence in their favor does not justify denial or continuance of the summary judgment motion (see, Cooper v 6 W. 20th St. Tenants Corp., 258 AD2d 362). Accordingly, the second cause of action (breach of the pre-1996 agreements) and that part of the fifth cause of action (breach of fiduciary duty) concerning pre-1996 corporate conduct should have been dismissed. However, that part of the fifth cause of action relating to post-1996 conduct remains.

The requirement for an award of punitive damages, that a defendant's conduct must be directed at the public generally (see, New York Univ. v Continental Ins. Co., 87 NY2d 308, 316; Rocanova v Equitable Life Assur. Socy., 83 NY2d 603, 613), applies only in breach of contract cases, not in tort cases for breach of fiduciary duty (see, Giblin v Murphy, 73 NY2d 769, 772; Wolf v Rand, 258 AD2d 401, 404). We reinstate plaintiffs' request for punitive damages in connection with the remaining causes of action, which defendant did not seek to summarily dismiss, without prejudice to a subsequent motion to strike or dismiss. The record before us does not permit adequate review of the sufficiency of the remaining punitive damage claims, except to the extent undertaken herein.

Plaintiffs waived their right to a jury trial with respect to claims arising under the 1996 proprietary lease, pursuant to the express waiver clause of that agreement, which this Court has already determined is valid and enforceable according to its terms (see, Sherry Assocs. v Sherry-Netherland, Inc., 239 AD2d 121). Moreover, plaintiffs "may not at the same time rely upon the lease as the foundation of their claim for damages and repudiate the provisions by which they waived their constitutional right to a jury trial" (Leav v Weitzner, 268 App

Div 466, 468). Plaintiffs waived their right to a jury trial with respect to all other claims, since the primary character of the original complaint is equitable in nature (*see, Phoenix Garden Rest. v Chu*, 234 AD2d 233, 234), and the subsequent dismissals and amendments did not revive the jury trial right (*see, Zimmer-Masiello, Inc. v Zimmer, Inc.*, 164 AD2d 845, 846-847). Concur—Rosenberger, J. P., Nardelli, Andrias, Saxe and Buckley, JJ.