URBAN OUTFITTERS,
INC., Plaintiffs,

v.

166 ENTERPRISE CORP. and IG
Second Generation Partners,
L.P., Defendants.

IG Second Generation Partners,
L.P., Third–Party Plaintiff,

v.

Masterbuilders, Pompei A.D., Wai–Tong Chan, Vikrant S. Sampat, P.E., and Steven S. Shore P.E., Third–Party Defendants.

No. 98 Civ. 7240(JES).

United States District Court,
S.D. New York.

March 29, 2001.

Rivkin Radler & Kremer LLP, Uniondale, New York (David M. Cassidy, of

counsel), for Plaintiff Urban Outfitters, Inc.

Shaw & Binder, New York, NY (Geoffrey A. Mason, of counsel), for Defendant IG Second Generation Partners, L.P.

Drinker Biddle & Reath LLP, Philadelphia, PA (William M. Connolly, of counsel), for Third–Party Defendant Pompei, A.D.

## MEMORANDUM OPINION AND ORDER

SPRIZZO, District Judge.

The above-captioned actions come before the Court on Defendant IG Second Generation Partners, L.P.'s ("IG Second") Motion to Strike Plaintiff Urban Outfitters, Inc.'s ("Urban") Jury Demand. For the reasons that follow, Defendant's motion is denied.

## BACKGROUND

These actions center upon allegations by Plaintiff-subtenant Urban that Defendant-landlord IG Second and Defendant-tenant 166 Enterprise Corp. ("166 Enterprise") breached various agreements between the parties in providing Urban with a commercial property at 166 Second Avenue, New York, New York ("the Property") that was unsuitable for Urban's purposes. *See* Affidavit of David M. Cassidy dated March 15, 2001 ("Cassidy Aff."), Exhibit ("Exh.") F, Complaint dated October 14, 1998 ("Cmplt.") at ¶¶ 9–16. In addition to Plaintiff's claims, Defendants have asserted cross-claims against each other pursuant to an indemnification agreement between them, and Defendant 166 Enterprise has asserted a counterclaim against Urban alleging failure to pay rent. Defendant IG Second has also impleaded several Third–Party Defendants hired by Urban to work on the premises, including Urban's general contractor, structural engineer, engineer, architect, and designer, alleging that such individuals are responsible for the unsuitability of the premises. *See* Affidavit of Geoffrey A. Mason dated February 6, 2001 ("Mason Aff."), Exh. C., Answer of IG Second dated November 11, 1998 at ¶ 9; Mason Aff., Exh. D., Answer of 166 Enterprises dated December 8, 1998 at ¶¶ 9–14; Third–Party Complaint by IG Second dated October 29, 1999. Several of these Third–Party Defendants have in turn asserted counterclaims against IG Second. *See, e.g.,* Counterclaims of Defendants Vikrant K. Sampat and Wai–Tong Chan dated June 16, 2000 and July 5, 2000. Both Urban and Third–Party Defendant Pompei, the property designer, have made jury demands for all issues triable by a jury. *See* Cassidy Aff., Exh. G, Urban's Demand for Trial by Jury dated November 20, 1998; Cassidy Aff., Exh. 1, Pompei's Amended Answer to Amended Third–Party Complaint dated June 26, 2000, at 8.

Most relevant to the instant motion, on July 31, 1996, Defendants IG Second and 166 Enterprise entered into a lease for the Property ("the Prime Lease") which contained the following clause:

> It is mutually agreed by and between Owner and Tenant that the respective parties hereto shall and they hereby do waive trial by jury in any action, proceeding or counterclaim brought by either of the parties hereto against the other (except for personal injury or property damage) on any matters whatsoever arising out of or in any way connected with this lease, the relationship of Owner and Tenant, Tenant's use of or occupancy of said premises, and any emergency statutory or other statutory remedy.

Cassidy Aff., Exh. B, Prime Lease at ¶ 25.

The term "Tenant" is not specifically defined in the Prime Lease, however, the Prime Lease concludes with a recital stat-

ing, "In Witness Whereof, Owner and Tenant have respectively signed and sealed this lease," which is followed by signatures of Lloyd Goldman, as President of IG Second, and Miriam Ben–Moha as President of 166 Enterprise. *See* Prime Lease at 82.

Subsequently, on December 19, 1997, 166 Enterprises entered into a Sublease Agreement with Urban ("the Sublease Agreement") which in part provided that:

> This sublease is subordinate to all of the terms, covenants and provisions contained in the Prime Lease ... except Articles 2, 40, 41, 53, and 78 ... and to the extent ... such terms, covenants, conditions and provisions have been modified [by the Sublease Agreement or other agreements between Urban, IG Second and 166 Enterprise].

Cassidy Aff., Exh. C, Sublease Agreement at ¶ 10. Articles 2, 40, 41, 53 and 78 are not relevant to this dispute. *See* Prime Lease at ¶¶ 2, 40, 41, 53, 78.

Urban also entered into two agreements with both 166 Enterprises and IG Second, an Agreement of Non–Disturbance and Consent dated February 11, 1998 ("the Consent Agrement") and an Indemnity Agreement dated April 15, 1998 ("the Indemnity Agreement"). *See* Cassidy Aff., Exh. D, Consent Agreement; Cassidy Aff., Exh. E, Indemnification Agreement. In particular, the Indemnity Agreement provided that "[e]xcept as specifically modified herein, the Sublease and the Consent Agreement remain unmodified and in full force and effect." Mason Aff., Exh. I, Indemnity Agreement at ¶ 1.

## DISCUSSION

■ Courts are to strictly construe jury waiver clauses, as the right to a jury trial is fundamental and protected by the Seventh Amendment. *See Gargiulo v. Delsole,* 769 F.2d 77, 79 (2d Cir.1985). This right can only be waived knowingly and intentionally, and waiver is not lightly inferred or extended. *See id.* As such, the burden of proving an intentional waiver is upon the party asserting waiver, here Defendant IG Second. *See Sullivan v. Ajax Navigation Corp.,* 881 F.Supp. 906, 910 (S.D.N.Y.1995).

With respect to the instant motion, the Second Department's decision in *Cantor v. Techlease,* 59 A.D.2d 699, 398 N.Y.S.2d 286 (N.Y.App.Div.1977) is directly relevant and dispositive. As happened here, the subtenant in *Cantor* agreed only to a general incorporation of prime lease terms agreed upon by the original tenant and its landlord. *See id.* at 699, 398 N.Y.S.2d 286. In finding the jury waiver in the prime lease ineffective against the subtenant, the *Cantor* Court made particular note that the prime lease agreement "provided only that the 'lessor and lessee' waived a jury trial in any action 'by either of them against the other.' " Accordingly, the *Cantor* Court found that a general incorporation of these terms was insufficient to support the inference that plaintiff had voluntarily waived its fundamental right to a jury trial. *See id.* at 700, 398 N.Y.S.2d 286.

■ As in *Cantor,* the Prime Lease here contains a waiver clause which provides specifically that the "Owner and Tenant" waive a jury trial "in any action, proceeding or counterclaim *brought by either of the parties hereto against the other.*" Prime Lease at ¶ 25 (emphasis added). Such language is nearly identical to that in *Cantor,* and this Court similarly cannot imply a waiver of a fundamental right through the general incorporation of these terms into the Sublease Agreement.[1]

---

1. Moreover, as a practical matter, it is undisputed that Third–Party Defendants in this action have made proper jury demands, and a jury finding will be required with respect to

Moreover, almost all authorities cited by defendant to support its position of waiver are easily distinguishable, as they either involve direct disputes between signatory landlords and tenants over prime leases that contain waiver clauses, or disputes in which a party is not a subtenant, but instead is an assignee who has been fully assigned rights under a prime lease.[2] *See Sherry Assocs. v. Sherry–Netherland, Inc.,* 273 A.D.2d 14, 16, 708 N.Y.S.2d 105 (N.Y.App.Div.2000); *Pratt v. Trustees of the Sailors' Snug Harbor,* 19 Misc.2d 551, 189 N.Y.S.2d 312, 312 (N.Y.Sup.App.1959); *Leav v. Weitzner,* 268 A.D. 466, 467, 51 N.Y.S.2d 775 (N.Y.App.Div.1944) (prime tenancies); *see also Kimi Jewelers, Inc. v. Advance Burglar Alarm Sys., Inc.,* 161 A.D.2d 273, 273, 555 N.Y.S.2d 51 (N.Y.App.Div.1990); *Fay's Drug Co. v. P & C Prop. Co–op., Inc.,* 51 A.D.2d 887, 887, 380 N.Y.S.2d 398 (N.Y.A.D.1976) (assignments).

### CONCLUSION

For the foregoing reasons, Defendant IG Second's Motion to Strike Plaintiff Urban's Jury Demand shall be and is hereby denied.

the central issue of which party is responsible for the Property's unsuitability. In such circumstances, assuming the Court were to grant the instant motion, the Court could find itself in the position of either disregarding a jury verdict with respect to Third–Party defendants, or foregoing its own responsibility as fact-finder with respect to plaintiff's claim. *See* Cassidy Aff., Exh. A, Order dated November 17, 2000.

2. The Court similarly finds the decision *Borden, Inc. v. Manhattan Magazine Inc.,* 1995 U.S. Dist. LEXIS 15936, 91 Civ. 1103(DC),

1995 WL 640588 (S.D.N.Y. October 30, 1995) unpersuasive. This decision, limited in analysis and unpublished (presumably at the Court's request), does not distinguish *Cantor,* nor does it quote language from the sublease agreement incorporating the terms of the primary lease. *See id.* at *1. Moreover, the opinion suggests that the subtenant did not even argue that incorporation was improper because the subtenant was not a party to the primary lease, but rather argued only that the waiver should not apply to the specific causes of action alleged. *See id.* at *1.