Zohar CDO 2003-1 Ltd. v Xinhua Sports & Entertainment Ltd. (2018 NY Slip Op 01294)





Zohar CDO 2003-1 Ltd. v Xinhua Sports & Entertainment Ltd.


2018 NY Slip Op 01294


Decided on February 27, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 27, 2018

Andrias, J.P., Gesmer, Kern, Singh, Moulton, JJ.


5837 651473/11

[*1]Zohar CDO 2003-1 Limited, et al., Plaintiffs-Appellants,
v
Xinhua Sports & Entertainment Limited, et al., Defendants, Loretta Freddy Bush, Defendant-Respondent.


Schlam Stone & Dolan LLP, New York (Joshua Wurtzel of counsel), for appellants.
Drinker Biddle & Reath LLP, New York (Clay J. Pierce of counsel), for respondent.



Order, Supreme Court, New York County (Charles E. Ramos, J.), entered August 14, 2017, which granted the motion of defendant Loretta Freddy Bush to strike plaintiffs' demand for a jury trial, unanimously affirmed, with costs.
The court properly granted the motion to strike plaintiffs' demand for a jury trial. While a party alleging fraudulent inducement that elects to bring an action for damages, as opposed to opting for rescission, may, under certain circumstances, still challenge the validity of the underlying agreement in a way that renders the contractual jury waiver provision in that agreement inapplicable to the fraudulent inducement cause of action (see e.g. J.P. Morgan Sec. Inc. v Ader, 127 AD3d 506, 507-508 [1st Dept 2015]; Ambac Assur. Corp. v DLJ Mtge. Capital, Inc., 102 AD3d 487 [1st Dept 2013]), such circumstances are not present in this case. Plaintiffs merely seek to enforce the underlying agreements by obtaining damages for fraudulent inducement, rather than rescind the agreements, and do not challenge the validity of the agreements in any manner other than by making factual allegations of fraud in the inducement (see Leav v Weitzner, 268 App Div 466 [1st Dept 1944]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 27, 2018
CLERK