Matter of Uni-Rty Corp. v New York Guangdong Fin. (2022 NY Slip Op 01525)





Matter of Uni-Rty Corp. v New York Guangdong Fin.


2022 NY Slip Op 01525


Decided on March 10, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 10, 2022

Before: Kapnick, J.P., Friedman, González, Rodriguez, Pitt, JJ. 


Index No. 157621/12 Appeal No. 14881 Case No. 2021-01833 

[*1]In the Matter of Uni-Rty Corp. et al., Petitioners-Respondents,
v
New York Guangdong Fin., Inc., et al., Respondents-Appellants.


Cooley LLP, New York (William J. Schwarz of counsel), for New York Guangdong Finance, Inc., Guangdong Building Inc., The Estate of Joseph Chu, Alexander Chu, Centre Plaza, L.L.C. and Eastbank, N.A., appellants.
White & Case LLP, New York (Jacqueline L. Chung of counsel), for China Construction Bank and Agricultural Bank of China, appellants.
Kaiser Saurborn & Mair, P.C., New York (Henry L. Saurborn, Jr. of counsel), for respondents.



Order, Supreme Court, New York County (Laurence L. Love, J.), entered April 23, 2021, which denied the motion of respondents New York Guangdong Finance, Inc. (NYGFI), Guandgong Building Inc., Estate of Joseph Chu, Alexander Chu, Centre Plaza, L.L.C., and Eastbank, N.A. to strike petitioners' demand for a jury trial and the cross motion of China Construction Bank and Agricultural Bank of China (together, the banks) for the same relief, unanimously reversed, on the law, and the motion and cross motion granted, without costs.
Petitioners allege that the banks and Joseph and Alexander Chu together, the individual Chus, who were all shareholders of NYGFI, engineered a 2005 settlement of shareholder derivative actions to insulate NYGFI assets from claims asserted by petitioners in a then-pending federal action against NYGFI and the individual Chus. Petitioners ultimately prevailed in the federal action and in 2013 docketed a judgment against NYGFI that remains unsatisfied. Petitioners commenced a "turnover" special proceeding under CPLR article 52 and sought a judgment among other things, "seeking
. . . 'turnover' of NYGFI assets to satisfy [p]etitioners' judgment . . . compelling the non-debtor [r]espondents to disclose, bring within the jurisdiction, and make accessible for execution . . . all cash, income, distributions and funds . . . including all membership interests in limited lability companies . . . and shares in corporations and interests in partnerships . . . and granting the appointment of a CPLR [a]rticle 52 receiver."
Supreme Court should have stricken petitioners' jury demand. As we have stated "[a] [p]laintiff is not entitled to a jury trial . . . [when] he seeks to enforce a judgment against a party other than the judgment debtor, which is an equitable claim" (Jonke v Foot Locker, Inc., 181 AD3d 544, 545 [1st Dept 2020], citing Matter of Colonial Sur. Co. v Lakeview Advisors, LLC, 125 AD3d 1292, 1295 [4th Dept 2015], lv denied 26 NY3d 901 [2015]; see also David D. Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 5225:6 at 391).
Even assuming that petitioners included a request for legal relief, by demanding money damages "[t]he rule is fundamental that where a plaintiff seeks legal and equitable relief in respect of the same wrong, his right to trial by jury is lost" (Trepuk v Frank, 104 AD2d 780, 780-781 [1st Dept 1984], quoting Di Menna v Cooper & Evans Co., 220 NY 391, 396 [1917]; see also Marko v Korf, 166 AD3d 545, 546 [1st Dept 2018]). Moreover, "[i]nclusion of a demand for money damages in the [pleading] does not, in and of itself, guarantee entitlement to a jury trial. Rather, it must be determined whether the main thrust of the action is for legal damages or for equitable relief" (Phoenix Garden Rest. v Chu, 234 AD2d 233, 234 [1st Dept 1996] [citations omitted]).
The primary character of the matter before us is equitable (see Cadwalader Wickersham & Taft v Spinale, 177 AD2d 315, 316 [1st Dept [*2]1991]). We note that petitioners previously commenced a plenary action against parties including respondents, and voluntarily discontinued that action.
We have considered petitioners' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 10, 2022