Levinson v 77 Perry Realty Corp. (2023 NY Slip Op 00160)

Levinson v 77 Perry Realty Corp.

2023 NY Slip Op 00160

Decided on January 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 12, 2023

Before: Kern, J.P., Oing, Scarpulla, Pitt-Burke, Higgitt, JJ. 

Index No. 158948/15 Appeal No. 17089 Case No. 2021-04257 

[*1]Janet Levinson et al., Plaintiffs-Appellants,
v
77 Perry Realty Corp., Defendant-Respondent.

Schwartz Sladkus Reich Greenberg Atlas LLP, New York (Eric M. Sable of counsel), for appellants.
Abrams Garfinkel Margolis Bergson, LLP, New York (Alexander Rabinowitz of counsel), for respondent.

Order, Supreme Court, New York County (James E. D'Auguste, J.), entered on or about October 4, 2021, which, to the extent appealed from as limited by the briefs, denied plaintiffs' motion for summary judgment on their breach of contract and specific performance claims and for leave to amend the complaint to add a demand for punitive damages in connection with their claim for violation of Business Corporation Law § 501(c), and granted defendant's motion for summary judgment dismissing the breach of contract and specific performance claims, unanimously affirmed, without costs.
Plaintiffs, owners of three units in defendant's cooperative, allege that defendant's board of directors entered into a binding contract to sell them the area of the roof located directly over two of their apartments, and that defendant subsequently refused to complete the sale. They also allege that defendant adopted amendments to the proprietary lease and bylaws that precluded them from combining all three units, and that because the amendments only affected them, the amendments violated Business Corporation Law § 501(c).
Plaintiffs' breach of contract claim rests on emails exchanged between plaintiff Janet Levinson and defendant's managing agent, which, they contend, constitute an offer and acceptance containing all material terms of the agreement and satisfying the statute of frauds (see General Obligations Law § 5-703[2]; Lebowitz v Mingus, 100 AD2d 816, 817 [1st Dept 1984], appeal dismissed 63 NY2d 675 [1984]). While the motion court found that plaintiffs did not show that the agent who signed the email on behalf of defendant had prior written authorization, we do not reach that issue because the agent's authority was not disputed by defendant, and the issue was sua sponte raised by the motion court, so that plaintiffs did not have a fair opportunity to submit evidence on that point (see Martin v Grenadier Realty Corp., 260 AD2d 276, 277 [1st Dept 1999]).
However, we affirm on the ground that the email did not contain all material terms of the contract to satisfy the statute of frauds (see Argent Acquisitions, LLC v First Church of Religious Science, 118 AD3d 441, 444-445 [1st Dept 2014]). The email relied upon by plaintiffs accepted an offer from them to buy the roof at a specified price, with a specific number of shares being issued to plaintiffs, but it says nothing about financing, terms of payment, or a closing date. Moreover, communications that followed indicated that the parties were negotiating additional material terms concerning the sale of the roof space, including additional maintenance fees, responsibility for maintaining the roof deck, and other issues surrounding aspects of the roof structure. Further, the parties' communications show that they anticipated entering into a formal contract and that the board would not make a final decision on the sale until the annual shareholders' meeting. The totality of the parties' communications thus show that the [*2]early emails relied upon by plaintiff did not constitute a binding contract (see id.).
We also affirm the portion of the order denying plaintiffs' motion for leave to amend the complaint to add a demand for punitive damages. The motion court denied the motion because defendant's alleged conduct was not "directed at the public generally," but that requirement applies only to breach of contract claims (see New York Univ. v Continental Ins. Co., 87 NY2d 308, 315-316 [1995]; Sherry Assoc. v Sherry-Netherland, Inc., 273 AD2d 14, 15 [1st Dept 2000]), and plaintiffs did not seek punitive damages in connection with their breach of contract claim. Nevertheless, plaintiffs' motion was properly denied because their allegations would not support an award of punitive damages.
Plaintiffs' argument that they can recover punitive damages in connection with their statutory claim because it is analogous to a breach of fiduciary duty claim is unpersuasive (see generally Thoreson v Penthouse Intl., 80 NY2d 490, 496 [1992]). Plaintiffs did not plead a breach of fiduciary duty claim against defendant cooperative corporation, which, in any event, does not owe a fiduciary duty to its shareholders (see Hersh v One Fifth Ave. Apt. Corp., 163 AD3d 500, 501 [1st Dept 2018]; Fletcher v Dakota, Inc., 99 AD3d 43, 54 [1st Dept 2012]). Even if a breach of fiduciary duty or tort claim were pleaded, defendant's alleged wrongdoing in connection with adopting new by-laws and amending the proprietary lease does not meet "the very high threshold of moral culpability" necessary to award punitive damages, such as "a wanton or reckless disregard of plaintiff's rights" (Zuckerman v Goldstein, 71 AD3d 407 [1st Dept 2010] [internal quotation marks omitted]; see Fe Bland v Two Trees Mgt. Co., 125 Misc 2d 111, 117 [Sup Ct, NY County 1984], affd 109 AD2d 1110 [1st Dept 1985], affd 66 NY2d 556 [1985]). Accordingly, the proposed amendment was "palpably insufficient or clearly devoid of merit" (Tribeca Space Mgrs., Inc. v Tribeca Mews Ltd., 200 AD3d 626, 628 [1st Dept 2021]).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 12, 2023