Ferrer v Go N.Y. Tours Inc. (2023 NY Slip Op 05981)

Ferrer v Go N.Y. Tours Inc.

2023 NY Slip Op 05981

Decided on November 21, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 21, 2023

Before: Manzanet-Daniels, J.P., Kapnick, Oing, Pitt-Burke, Higgitt, JJ. 

Index No. 151963/20 Appeal No. 1066 Case No. 2023-01143 

[*1]Miguel Ferrer, Plaintiff-Respondent,
v
Go New York Tours Inc., Defendant-Appellant, Jarrod Poole et al., Defendants.

Barton LLP, New York (Maurice N. Ross of counsel), for appellant.
Daniel Niamehr, New York, for respondent.

Amended order, Supreme Court, New York County (J. Machelle Sweeting, J.), entered on or about September 22, 2002, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for leave to serve and file a second amended complaint to add a claim against defendant Go New York Tours Inc. (Go New York) for gross negligence in hiring defendant Jarrod Poole and an award for punitive damages, unanimously modified on the law, to deny the motion as to a punitive damages award, and otherwise affirmed, without costs.
Plaintiff alleges that he sustained injuries while he was a passenger on the top of a double-decker bus owned by defendant Go New York and operated by its employee Poole. According to plaintiff, as he rode on the bus, an elevated portable solar traffic message board struck his right arm, which was resting on the railing of the upper passenger deck.
The motion court providently exercised its discretion in granting plaintiff leave to amend the complaint to assert a claim against Go New York for gross negligence. Leave to amend a pleading pursuant to CPLR 3025(b) should be freely granted, so long as there is no surprise or prejudice resulting from the delay to the opposing party and the proposed amendment is not palpably insufficient or patently devoid of merit (see Favourite Ltd. v Cico, 208 AD3d 99, 108 [1st Dept 2022]). Whether to grant an amendment is committed to the discretion of the court (Heller v Louis Provenzano, Inc., 303 AD2d 20 [1st Dept 2003]). "The legal sufficiency or merits of a proposed amendment to a pleading will not be examined unless the insufficiency or lack of merit is clear and free from doubt" (Sample v Levada, 8 AD3d 465, 467-468 [2d Dept 2004]).
Plaintiff's proposed second amended complaint sets forth new allegations that in light of Poole's prior criminal history, Go New York knew or should have known that he was not properly qualified to operate a double-decker tour bus filled with passengers. These new allegations adequately set forth alleged conduct that may constitute a willful and wanton disregard for the interests of others (see Borst v Lower Manhattan Dev. Corp., 162 AD3d 581, 582 [1st Dept 2018]). Go New York failed to overcome the "heavy presumption of validity in favor of [permitting amendment]" (O'Halloran v Metropolitan Transp. Auth., 154 AD3d 83, 86 [1st Dept 2017] [internal quotation marks omitted]). Furthermore, Go New York does not allege that it would be prejudiced by the proposed amendments (see Retail Consulting Servs., Inc. v New TSI Holdings, Inc., 208 AD3d 1115, 1116 [1st Dept 2022]).
However, the proposed new allegations do not support a punitive damages
award, and that aspect of the motion should have been denied (see Levinson v 77 Perry Realty Corp., 212 AD3d 464, 466 [1st Dept 2023]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 21, 2023