93rd Bldg. Corp. v Hefti (2024 NY Slip Op 00965)

93rd Bldg. Corp. v Hefti

2024 NY Slip Op 00965

Decided on February 27, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: February 27, 2024

Before: Kern, J.P., Gesmer, Shulman, Rodriguez, Rosado, JJ. 

Index No. 151920/22 Appeal No. 1750 Case No. 2023-00595 

[*1]93rd Building Corp., Plaintiff-Respondent,
v
Susan Kathryn Hefti, Defendant-Appellant.

Susan Kathryn Hefti, appellant pro se.
SDK Heiberger LLP, New York (Jacqueline Handel-Harbour of counsel), for respondent.

Order, Supreme Court, New York County (Paul A. Goetz, J), entered on or about September 23, 2022, which, to the extent appealed from as limited by the briefs, granted plaintiff landlord's motion to strike defendant tenant's jury demand, unanimously modified, on the law, to deny the motion insofar as the tenant's counterclaims asserted personal injury or property damage (the 16th, 17th, 20th, 21st, and 22nd counterclaims), those counterclaims severed without prejudice for a separate action in which the tenant may demand a jury trial, and otherwise affirmed, without costs.
In general, the tenant waived her right to a trial by jury by entering into the parties' lease, which contains a valid jury waiver clause "for any matter concerning this Lease or the Apartment"(see Sherry Assoc. v Sherry-Netherland Inc., 273 AD2d 14, 15-16 [1st Dept 2000]). Furthermore, although the tenant's initial lease had expired, making her a statutory tenant, the jury waiver carried over into the statutory tenancy (see Gersten v 56 7th Ave. LLC, 88 AD3d 189, 199 [1st Dept 2011], appeal withdrawn 18 NY3d 954 [2012]).
However, the lease expressly excepts from the jury waiver "actions for personal injury or property damage" (see Sherry Assoc., 273 AD2d at 15-16; Leav v Weitzner, 268 AD 466, 468 [1st Dept 1944]). Therefore, the tenant's counterclaims asserting personal injury and property damage should be severed from this proceeding and tried separately (see Holrod Assoc. v Tomanovits, 120 Misc 2d 551, 552 [App Term, 1st Dept 1983]; cf. Barrow v Bloomfield, 30 AD2d 947, 947 [1st Dept 1968]).
Contrary to the tenant's position otherwise, there is no basis to invalidate an initial lease without a finding of fraud (see Drucker v Mauro, 30 AD3d 37, 43 [1st Dept 2006], lv dismissed 7 NY3d 844 [2006]). Although the Department of Housing and Community Renewal previously found that the tenant was entitled to a rent-stabilized lease, both the Department and the article 78 court also specifically found that there was no evidence of a fraudulent scheme to deregulate the premises. These findings are conclusive at this time, and we reject the tenant's efforts to relitigate that issue by advancing an argument that the lease, including its jury trial waiver, is invalid (see Ryan v New York Tel. Co., 62 NY2d 494, 500-501 [1984]).
Because there was no motion to dismiss the counterclaims, we need not address the landlord's arguments that certain counterclaims are time-barred or otherwise barred by the terms of the lease.
We have considered the remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: February 27, 2024