Schneider v 254 PAS Prop. LLC (2024 NY Slip Op 04839)

Schneider v 254 PAS Prop. LLC

2024 NY Slip Op 04839

Decided on October 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2024

Before: Kern, J.P., Oing, Kapnick, Kennedy, Shulman, JJ. 

Index No. 109136/09 Appeal No. 2690 Case No. 2024-02305 

[*1]Marilyn Schneider, Plaintiff-Appellant,
v
254 PAS Property LLC, et al., Defendants-Respondents.

Gallett Dreyer & Berkey, LLP, New York (Morrell I. Berkowitz of counsel), for appellant.
Gartner + Bloom PC, New York (Giancarlo S. Vecchiarelli of counsel), for respondents.

Order, Supreme Court, New York County (Debra A. James, J.), entered on or about March 20, 2024, which granted defendants' motion to strike the jury demand, unanimously affirmed, without costs.
Plaintiff has waived her right to a jury trial, as the complaint mingles legal and equitable claims arising out of the same alleged wrongs, and seeks legal and equitable relief to address those wrongs (see Marko v Korf, 166 AD3d 545 [1st Dept 2018]; Security Pac. Natl. Bank v Evans, 148 AD3d 465 [1st Dept 2017]; CPLR 4101[1]). While many of plaintiff's claims are based on alleged physical and mental injuries and property damage for which she seeks monetary damages, the complaint makes several distinct claims for equitable relief that cannot be satisfied by a sum of money alone (see Errant Gene Therapeutics, LLC v Sloan-Kettering Inst. for Cancer Research, 176 AD3d 459 [1st Dept 2019], lv dismissed 35 NY3d 1060 [2020]; see also Pheonix Garden Rest. v Chu, 234 AD2d 233, 234 [1st Dept 1996]). Moreover, since plaintiff is still a tenant in the building, it is unclear how her claims for injunctive relief are now "moot." Even if these claims became moot, the right to a jury trial was not revived (see Giammalvo v 2170-2178 Broadway, 293 AD2d 390 [1st Dept 2002]).
Plaintiff's arguments with respect to Real Property Law § 259-c are misplaced, as this statute invalidates any lease provision which purports to waive the right to a jury trial in an action for personal injury or property damage. It has no bearing on this action, as plaintiff's mingling of her claims for money damages with independent claims sounding in equity constituted a waiver of her right to a jury trial (see Pheonix Garden Rest., 234 AD2d at 234). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2024